No. 21-10075

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOAQUIN HERRERA,
*Defendant-Appellant.*

———————————————

A Direct Appeal of a Criminal Case
From the United States District Court
for the Northern District of Florida, Panama City Division

———————————————

APPENDIX

**RANDOLPH P. MURRELL**
Federal Public Defender

**RICHARD M. SUMMA**
Assistant Federal Public Defender
Florida Bar No. 890588
227 N. Bronough Street, Ste. 4200
Tallahassee, Florida 32301
Telephone: (850) 942-8818
FAX: (850) 942-8809
Attorney for Appellant

INDEX OF APPENDIX

District Court Docket Sheet                          Docket Sheet

Indictment                                           1

Plea Agreement                                       29

Report and Recommendation                            32

Acceptance of Plea of Guilty                         33

Sentencing Memorandum(Sealed)                        42

Government's Sentencing Memorandum (Sealed)          45

Judgment                                             47

Notice of Appeal                                     49

Sentencing Transcript                                57

Plea Transcript                                      61

Certificate of Service

Docket

Query     Reports     Utilities     Help     Log Out

APPEAL

# U.S. District Court
## Northern District of Florida (Panama City)
## CRIMINAL DOCKET FOR CASE #: 5:19-cr-00068-TKW-MJF-1

---

Case title: USA v. HERRERA           Date Filed: 10/02/2019

---

Assigned to: JUDGE T KENT
WETHERELL II
Referred to: MAGISTRATE JUDGE
MICHAEL J FRANK

Appeals court case number: 21-10075-H
11th Circuit

**Defendant (1)**

**JOAQUIN HERRERA**        represented by    **RICHARD MICHAEL SUMMA**
FEDERAL PUBLIC DEFENDER
OFFICE - TALLAHASSEE FL
227 N BRONOUGH ST - STE 4200
TALLAHASSEE, FL 32301
850-942-8818
Fax: 850-942-8809
Email: richard_summa@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**TIMOTHY C HALSTROM**
FEDERAL PUBLIC DEFENDER
OFFICE - PENSACOLA FL
3 W GARDEN ST
STE 200
PENSACOLA, FL 32502
850-432-1418
Fax: 850-434-3855
Email: tim_halstrom@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**                    **Disposition**

| | |
|---|---|
| SELLING OR BUYING OF CHILDREN (1) | Custody of BOP for 30 years as to Count 1, 2, 4, with consecutive terms, 10 years as to Count 5, with a consecutive term, 30 years as to Count 3, with a concurrent term; 10 years Supervised Release as to each Count, with concurrent terms; $500 SMA; Fine waived; $1,000 total AVA Act fee |
| SELLING OR BUYING OF CHILDREN (2) | Custody of BOP for 30 years as to Count 1, 2, 4, with consecutive terms, 10 years as to Count 5, with a consecutive term, 30 years as to Count 3, with a concurrent term; 10 years Supervised Release as to each Count, with concurrent terms; $500 SMA; Fine waived; $1,000 total AVA Act fee |
| SELLING OR BUYING OF CHILDREN (3) | Custody of BOP for 30 years as to Count 1, 2, 4, with consecutive terms, 10 years as to Count 5, with a consecutive term, 30 years as to Count 3, with a concurrent term; 10 years Supervised Release as to each Count, with concurrent terms; $500 SMA; Fine waived; $1,000 total AVA Act fee |
| SELLING OR BUYING OF CHILDREN (4) | Custody of BOP for 30 years as to Count 1, 2, 4, with consecutive terms, 10 years as to Count 5, with a consecutive term, 30 years as to Count 3, with a concurrent term; 10 years Supervised Release as to each Count, with concurrent terms; $500 SMA; Fine waived; $1,000 total AVA Act fee |
| ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO (5) | Custody of BOP for 30 years as to Count 1, 2, 4, with consecutive terms, 10 years as to Count 5, with a consecutive term, 30 years as to Count 3, with a concurrent term; 10 years Supervised Release as to each Count, with concurrent terms; $500 SMA; Fine waived; $1,000 total AVA Act fee |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                                **Disposition**

None

## Highest Offense Level (Terminated)

None

## Complaints                                                      Disposition

None

## Plaintiff

**USA**                                represented by   **MICHELLE K SPAVEN**
                                                        DOJ-USAO
                                                        NORTHERN DISTRICT OF FLORIDA
                                                        111 N ADAMS ST
                                                        4TH FLOOR
                                                        TALLAHASSEE, FL 32301
                                                        850-216-3828
                                                        Email: michelle.spaven@usdoj.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/02/2019 | 1 | INDICTMENT (PDF redacted per privacy policy) as to JOAQUIN HERRERA (1) count(s) 1-4, 5. (kgc) (Entered: 10/02/2019) |
| 10/02/2019 | 2 | Sealed Document - Unredacted indictment as to JOAQUIN HERRERA (PDF sealed per privacy policy) (kgc) (Entered: 10/02/2019) |
| 10/02/2019 | 3 | CRIMINAL COVER SHEET by USA as to JOAQUIN HERRERA (copy to US Marshal)(PDF sealed per Privacy Policy) (kgc) (Entered: 10/02/2019) |
| 10/02/2019 | 4 | ORDER FOR ISSUANCE OF ARREST WARRANT as to JOAQUIN HERRERA. Signed by MAGISTRATE JUDGE CHARLES A STAMPELOS on 10/2/19. (kgc) (Entered: 10/02/2019) |
| 10/02/2019 | 6 | Application for Writ of Habeas Corpus ad Prosequendum as to JOAQUIN HERRERA (kgc) (Entered: 10/03/2019) |
| 10/03/2019 | 7 | Writ of Habeas Corpus ad Prosequendum Issued as to JOAQUIN HERRERA for 10/10/19 re: 6 Application for Writ of Habeas Corpus ad Prosequendum. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 10/3/19. (kgc) (Entered: 10/03/2019) |
| 10/03/2019 | | Set/Reset Hearings as to JOAQUIN HERRERA: Initial Appearance set for **10/10/2019 01:30 PM** in U.S. Courthouse Pensacola before MAGISTRATE JUDGE MICHAEL J FRANK. (kgc) (Entered: 10/03/2019) |
| 10/07/2019 | 8 | ARREST Warrant Returned Executed on 10/03/2019 in case as to JOAQUIN HERRERA. (sps) (Entered: 10/08/2019) |

| 10/10/2019 | 9 | Minute Entry for proceedings held before MAGISTRATE JUDGE MICHAEL J FRANK: Initial Appearance/Arraignment as to JOAQUIN HERRERA (1) Counts 1-4,5 held on 10/10/2019. FPD appointed. Plea of not guilty entered. Defendant remains detained pending trial. Jury trial set for 12/9/2019. (Court Reporter Donna Boland) (kgc) (Entered: 10/10/2019) |
|---|---|---|
| 10/10/2019 | 10 | CJA 23 Financial Affidavit by JOAQUIN HERRERA (PDF sealed per Privacy Policy) (ijm) (Entered: 10/10/2019) |
| 10/10/2019 | 11 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to JOAQUIN HERRERA. TIMOTHY C HALSTROM for JOAQUIN HERRERA appointed. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 10/10/19. (kgc) (Entered: 10/10/2019) |
| 10/10/2019 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 9 Initial Appearance/Arraignment -- Order setting trial needed. (kgc) (Entered: 10/10/2019) |
| 10/11/2019 | 12 | ORDER SETTING JURY TRIAL AND OTHER PRE-TRIAL MATTERS as to JOAQUIN HERRERA - Jury Trial set for 12/9/2019 in U.S. Courthouse Pensacola, with an attorney conference at 08:15 AM and jury selection to commence immediately thereafter on this date. Signed by JUDGE T KENT WETHERELL II on 10/11/2019. (sps) (Entered: 10/11/2019) |
| 10/22/2019 | 13 | NOTICE OF ATTORNEY APPEARANCE: TIMOTHY C HALSTROM appearing for JOAQUIN HERRERA (HALSTROM, TIMOTHY) (Entered: 10/22/2019) |
| 11/19/2019 | 14 | SEALED MOTION to Seal by JOAQUIN HERRERA. (Attachment: # 1 Motion) (pmc) (Entered: 11/20/2019) |
| 11/21/2019 | 15 | ORDER Granting 14 Motion to Seal as to JOAQUIN HERRERA (1). Because the motion for competency evaluation (Doc. [14-1]) has already been filed (and has been maintained under seal pursuant to N.D. Fla. Loc. R. 5.5(C)), it need not be re-filed. The Clerk shall keep Doc. 14-1 under seal, but Doc. 14 can be unsealed. Signed by JUDGE T KENT WETHERELL II on 11/21/2019. (pmc) (Entered: 11/21/2019) |
| 11/22/2019 | 17 | ORDER as to JOAQUIN HERRERA. The trial scheduled for December 9, 2019, is cancelled. The trial will be rescheduled after a determination is made as to Defendant's competency. Signed by JUDGE T KENT WETHERELL II on 11/22/2019. (pmc) (Entered: 11/22/2019) |
| 01/14/2020 | 18 | (Sealed) REQUEST from BOP Received as to JOAQUIN HERRERA. Request for Extension of Time - GRANTED (Copy to BOP/Counsel). (pmc) (Entered: 01/15/2020) |
| 03/24/2020 | 19 | Sealed REQUEST/Letter from BOP Received as to JOAQUIN HERRERA. Request for Extension of Time - GRANTED (14 days), Copy to BOP/Counsel. (pmc) (Entered: 03/29/2020) |
| 05/08/2020 | 20 | Psychiatric Report Received (Sealed) as to JOAQUIN HERRERA (copy provided to counsel/USPO). (pmc) (Entered: 05/11/2020) |
| 05/08/2020 | | Set Deadline as to JOAQUIN HERRERA for Clerk to check status of defendant/Notify Chambers on 6/5/2020. (pmc) (Entered: 05/11/2020) |
| 06/08/2020 | | Reset Deadlines/Hearings as to JOAQUIN HERRERA: for Clerk to check status of defendant/Notify Chambers on 6/22/2020. (pmc) (Entered: 06/08/2020) |

| | | |
|---|---|---|
| 06/24/2020 | 21 | NOTICE OF HEARING as to JOAQUIN HERRERA Competency Hearing set for **6/26/2020 at 10:00 AM** in U.S. Courthouse Pensacola before JUDGE T KENT WETHERELL II (defendant to appear by Video from FDC Tallahassee). (pmc) (Entered: 06/24/2020) |
| 06/26/2020 | 22 | Minute Entry for proceedings held before JUDGE T KENT WETHERELL II: Competency Hearing as to JOAQUIN HERRERA held on 6/26/2020. Court accepts the 20 report and based on the report the Court finds the defendant competent to proceed. Jury Trial set for 8/10/2020. (Court Reporter Julie Wycoff). (pmc) (Entered: 06/26/2020) |
| 07/28/2020 | 23 | First MOTION to Continue *Trial* by JOAQUIN HERRERA. (HALSTROM, TIMOTHY) (Entered: 07/28/2020) |
| 07/28/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 23 First MOTION to Continue *Trial* (Unopposed) filed by Defendant JOAQUIN HERRERA. (pmc) (Entered: 07/28/2020) |
| 07/29/2020 | 24 | ORDER CONTINUING TRIAL as to JOAQUIN HERRERA (1). Defendant's 23 motion to continue trial is GRANTED, and the trial scheduled for August 10, 2020, is canceled. The Clerk shall re-notice the trial for November 2, 2020. Signed by JUDGE T KENT WETHERELL II on 7/29/2020. (pmc) (Entered: 07/29/2020) |
| 07/29/2020 | 25 | NOTICE OF HEARING as to JOAQUIN HERRERA Jury Trial set for **11/2/2020 at 8:15 AM** in U.S. Courthouse Pensacola before JUDGE T KENT WETHERELL II. (pmc) (Entered: 07/29/2020) |
| 08/31/2020 | 26 | NOTICE OF HEARING as to JOAQUIN HERRERA: Change of Plea Hearing set for **9/3/2020 at 11:00 AM** in U.S. Courthouse Pensacola (Arnow 1 Courtroom) before MAGISTRATE JUDGE MICHAEL J FRANK.<br><br>*Note: If you or any party, witness or attorney in this matter has a disability that requires special accommodations, such as a hearing impairment that requires a sign-language interpreter or a wheelchair restriction that requires ramp access, please contact the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made.*<br><br>*s/ Kristin Cowdell*<br>Courtroom Deputy Clerk<br>(kgc) (Entered: 08/31/2020) |
| 09/03/2020 | 27 | Minute Entry for proceedings held before MAGISTRATE JUDGE MICHAEL J FRANK: Change of Plea Hearing as to JOAQUIN HERRERA held on 9/3/2020. Plea entered by JOAQUIN HERRERA (1) Guilty Counts 1-4,5. Defendant remains detained pending sentencing. Sentencing set for 11/17/20 at 1:00 p.m. (Court Reporter Donna Boland) (kgc) (Entered: 09/03/2020) |
| 09/03/2020 | 28 | CONSENT TO PLEA BEFORE MAGISTRATE JUDGE by USA and JOAQUIN HERRERA (kgc) (Entered: 09/03/2020) |
| 09/03/2020 | 29 | PLEA AGREEMENT as to JOAQUIN HERRERA (kgc) (Entered: 09/03/2020) |
| 09/03/2020 | 30 | Sealed Document (kgc) (Entered: 09/03/2020) |

| 09/03/2020 | 31 | STATEMENT OF FACTS by USA and JOAQUIN HERRERA filed in support of 29 Plea Agreement (kgc) (Entered: 09/03/2020) |
|---|---|---|
| 09/03/2020 | | Plea Agreement Accepted as to JOAQUIN HERRERA (kgc) (Entered: 09/03/2020) |
| 09/03/2020 | 32 | REPORT AND RECOMMENDATION on Plea of Guilty as to JOAQUIN HERRERA Internal deadline for referral to district judge if objections are not filed earlier: **9/4/2020**. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 9/3/20. (kgc) (Entered: 09/03/2020) |
| 09/08/2020 | 33 | ACCEPTANCE OF PLEA OF GUILTY re 32 Report and Recommendation. Plea of Guilty ACCEPTED as to JOAQUIN HERRERA (1). Signed by JUDGE T KENT WETHERELL II on 9/8/2020. (pmc) (Entered: 09/08/2020) |
| 09/08/2020 | 34 | NOTICE OF HEARING as to JOAQUIN HERRERA Sentencing set for **11/17/2020 at 1:00 PM** in U.S. Courthouse Pensacola before JUDGE T KENT WETHERELL II. (pmc) (Entered: 09/08/2020) |
| 10/13/2020 | 35 | DRAFT PRESENTENCE INVESTIGATION REPORT as to JOAQUIN HERRERA. E-copies made available to selected parties. Responses to the Draft Report are due by **10/27/2020**. (LL) (Entered: 10/13/2020) |
| 10/15/2020 | 36 | RESPONSE to 35 Presentence Investigation Report as to JOAQUIN HERRERA. PDF access restricted to the court, U.S. Probation, counsel for the defendant, and counsel for the United States of America. (SPAVEN, MICHELLE) (Entered: 10/15/2020) |
| 10/27/2020 | 37 | RESPONSE to 35 Presentence Investigation Report as to JOAQUIN HERRERA. PDF access restricted to the court, U.S. Probation, counsel for the defendant, and counsel for the United States of America. (HALSTROM, TIMOTHY) (Entered: 10/27/2020) |
| 11/06/2020 | 38 | MOTION to Continue *Sentencing Unopposed* by USA as to JOAQUIN HERRERA. (SPAVEN, MICHELLE) (Entered: 11/06/2020) |
| 11/06/2020 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 38 MOTION to Continue *Sentencing Unopposed* filed by Plaintiff USA (pmc) (Entered: 11/06/2020) |
| 11/09/2020 | 39 | ORDER CONTINUING SENTENCING as to JOAQUIN HERRERA (1). The 38 motion is GRANTED, and the sentencing hearing scheduled for November 17, 2020, is cancelled. The Clerk shall re-notice the sentencing hearing for a date in December 2020 or early-January 2021 that is agreeable to the parties. Signed by JUDGE T KENT WETHERELL II on 11/9/2020. (pmc) (Entered: 11/09/2020) |
| 11/10/2020 | 40 | NOTICE OF HEARING as to JOAQUIN HERRERA Sentencing set for **12/17/2020 at 10:00 AM** in U.S. Courthouse Pensacola before JUDGE T KENT WETHERELL II. (pmc) (Entered: 11/11/2020) |
| 12/10/2020 | 41 | FINAL PRESENTENCE INVESTIGATION REPORT as to JOAQUIN HERRERA. E-copies made available to selected parties. (Attachments: # 1 Exhibit A) Victim Impact Response A.H., # 2 Exhibit B) Victim Impact Response N.R) (LL) (Entered: 12/10/2020) |
| 12/14/2020 | 42 | SENTENCING MEMORANDUM by JOAQUIN HERRERA (Attachments: # 1 Exhibit Diploma, # 2 Exhibit Certificate, # 3 Exhibit Certificate, # 4 Exhibit Certificate, # 5 Exhibit Completed Requirements, # 6 Exhibit Completed Requirements, # 7 Exhibit Completed Requirements, # 8 Exhibit Completed Requirements, # 9 Exhibit Risk |

| | | |
|---|---|---|
| | | Evaluation, # 10 Exhibit Counselor Report, # 11 Exhibit Medical Referral, # 12 Exhibit Completion Certificate, # 13 Exhibit Support Letter, # 14 Exhibit Support Letter) (HALSTROM, TIMOTHY) (Entered: 12/14/2020) |
| 12/14/2020 | 43 | MOTION for Forfeiture of Property *(PRELIMINARY ORDER OF FORFEITURE)* by USA as to JOAQUIN HERRERA. (SPAVEN, MICHELLE) (Entered: 12/14/2020) |
| 12/14/2020 | 44 | PRELIMINARY ORDER OF FORFEITURE re 43 Motion for Forfeiture of Property as to JOAQUIN HERRERA (1). Signed by JUDGE T KENT WETHERELL II on 12/14/2020. (pmc) (Entered: 12/14/2020) |
| 12/15/2020 | 45 | Sealed Government's Sentencing Memorandum as to JOAQUIN HERRERA filed by Plaintiff USA. (pmc) (Entered: 12/15/2020) |
| 12/17/2020 | 46 | Minute Entry for proceedings held before JUDGE T KENT WETHERELL II: Sentencing held on 12/17/2020 for JOAQUIN HERRERA (1), Count(s) 1-4, 5, Custody of BOP for 30 years as to Counts 1, 2, 4, with consecutive terms, 10 years as to Count 5, with a consecutive term, 30 years as to Count 3, with a concurrent term; 10 years Supervised Release as to each Count, with concurrent terms; $500 SMA; Fine waived; $1,000 total AVA Act fee. Attachment: # 1 Letter on defendant's behalf (Court Reporter Julie Wycoff). (pmc) (Entered: 12/17/2020) |
| 12/29/2020 | 47 | JUDGMENT as to JOAQUIN HERRERA (1), Count(s) 1-4, 5, Custody of BOP for 30 years as to Count 1, 2, 4, with consecutive terms, 10 years as to Count 5, with a consecutive term, 30 years as to Count 3, with a concurrent term; 10 years Supervised Release as to each Count, with concurrent terms; $500 SMA; Fine waived; $1,000 total AVA Act fee. Signed by JUDGE T KENT WETHERELL II on 12/29/2020. (pmc) (Entered: 12/29/2020) |
| 12/29/2020 | 48 | STATEMENT OF REASONS (Sealed) as to JOAQUIN HERRERA. Copies to be distributed to attorney for defendant, USAO, and USPO only. Signed by JUDGE T KENT WETHERELL II on 12/29/2020. (pmc) (Entered: 12/29/2020) |
| 01/07/2021 | 49 | NOTICE OF APPEAL re: 47 Judgment by JOAQUIN HERRERA (HALSTROM, TIMOTHY) Modified on 1/8/2021 to link to judgment (kgc). (Entered: 01/07/2021) |
| 01/08/2021 | 50 | Appeal Instructions as to JOAQUIN HERRERA re: 49 Notice of Appeal. The Transcript Request Form is available on the Internet at http://www.flnd.uscourts.gov/forms/Attorney/ECCA_transcript_form_fillable.pdf ** PLEASE NOTE ** Separate forms must be filed for each court reporter. Transcript Order Form due by **1/22/2021.** (kgc) (Entered: 01/08/2021) |
| 01/08/2021 | 51 | Transmission of Notice of Appeal and Docket Sheet as to JOAQUIN HERRERA to US Court of Appeals re 49 Notice of Appeal. (kgc) (Entered: 01/08/2021) |
| 01/08/2021 | | Set Deadlines as to JOAQUIN HERRERA re 49 Notice of Appeal : Clerk to check status of Appeal on **4/8/2020.** Certificate of Readiness (FRAP 11) due by **1/22/2021.** (kgc) (Entered: 01/08/2021) |
| 01/08/2021 | | Reset Deadlines as to JOAQUIN HERRERA re 49 Notice of Appeal: (Clerk to check status of Appeal on **4/8/2021.**) (kgc) (Entered: 01/08/2021) |
| 01/13/2021 | 52 | USCA PROCEDURAL LETTER AND CASE NUMBER re: 49 NOTICE OF APPEAL re: 47 Judgment by JOAQUIN HERRERA. USCA Appeal # 21-10075-H (kgc) (Entered: 01/13/2021) |

| 02/04/2021 | 53 | NOTICE OF ATTORNEY APPEARANCE: RICHARD MICHAEL SUMMA appearing for JOAQUIN HERRERA (SUMMA, RICHARD) (Entered: 02/04/2021) |
| 02/04/2021 | 54 | TRANSCRIPT REQUEST by JOAQUIN HERRERA for proceedings held on 9/3/2020 before Judge Michael Frank, Court Reporter:Donna Boland (SUMMA, RICHARD) (Entered: 02/04/2021) |
| 02/04/2021 | 55 | TRANSCRIPT REQUEST by JOAQUIN HERRERA for proceedings held on 12/17/2020 before Judge T. Kent Wetherell, Court Reporter:Julie Wycoff (SUMMA, RICHARD) (Entered: 02/04/2021) |
| 02/25/2021 | 56 | TRANSCRIPT Acknowledgment - Part II re 49 Notice of Appeal Court Reporter:JULIE A. WYCOFF Transcript due by 3/1/2021. (jaw) (Entered: 02/25/2021) |
| 02/25/2021 | 57 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings, SENTENCING, as to JOAQUIN HERRERA held on 12/17/20, before Judge T. Kent Wetherell, II. Court Reporter/Transcriber Julie A. Wycoff, Telephone number 850-470-8196.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due 3/4/2021. Release of Transcript Restriction set for 6/2/2021. (jaw) (Entered: 02/25/2021) |
| 02/25/2021 | 58 | NOTICE of Filing Transcript (Part III) by Court Reporter in District Court - as to JOAQUIN HERRERA re 49 Notice of Appeal Court Reporter: JULIE A. WYCOFF (jaw) (Entered: 02/25/2021) |
| 03/03/2021 | 59 | TRANSCRIPT Acknowledgment - Part II re 49 Notice of Appeal Court Reporter:Donna L. Boland Transcript due by 3/10/2021. (dlb) (Entered: 03/03/2021) |
| 03/17/2021 | 60 | USCA PROCEDURAL LETTER (court reporter) re: 49 NOTICE OF APPEAL re: 47 Judgment by JOAQUIN HERRERA. USCA Appeal # 21-10075-H (kgc) (Entered: 03/19/2021) |
| 04/08/2021 |  | Reset Deadlines as to JOAQUIN HERRERA re 49 Notice of Appeal: (Clerk to check status of Appeal on 7/8/2021.) USCA Appeal # 21-10075-H (kgc) (Entered: 04/08/2021) |
| 04/12/2021 | 61 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of CHANGE OF PLEA Proceedings as to JOAQUIN HERRERA held on September 3, 2020, before Judge Michael J. Frank. Court Reporter/Transcriber Donna L. Boland, Email: Donna_Boland@flnd.uscourts.gov.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due 4/19/2021. Release of Transcript Restriction set for 7/19/2021. (dlb) (Entered: 04/12/2021) |
| 04/12/2021 | 62 | NOTICE of Filing Transcript (Part III) by Court Reporter in District Court - as to JOAQUIN HERRERA re 49 Notice of Appeal Court Reporter: Donna L. Boland (dlb) (Entered: 04/12/2021) |

| 04/12/2021 | 63 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 49 Notice of Appeal as to JOAQUIN HERRERA, Appeal No. 21-10075-H; The entire record on appeal is available electronically. (kgc) (Entered: 04/12/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/01/2021 13:23:53 | | |
| **PACER Login:** | pjones1224 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:19-cr-00068-TKW-MJF |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

Indictment

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

**v.**                                          **INDICTMENT**

**JOAQUIN HERRERA**                              5:19cr68-TKW

_____/

**THE GRAND JURY CHARGES:**

### COUNT ONE

On or about April 3, 2019, in the Northern District of Florida, the defendant,

**JOAQUIN HERRERA,**

did knowingly and intentionally employ, use, persuade, induce, entice, and coerce

a minor to engage in sexually explicit conduct for the purpose of producing a

visual depiction of such conduct, and this depiction was produced using materials

that had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

### COUNT TWO

On or about April 5, 2019, in the Northern District of Florida, the defendant,

**JOAQUIN HERRERA,**

did knowingly and intentionally employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and this depiction was produced using materials that had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT THREE

On or about April 22, 2019, in the Northern District of Florida, the defendant,

## JOAQUIN HERRERA,

did knowingly and intentionally employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and this depiction was produced using materials that had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT FOUR

On or about April 28, 2019, in the Northern District of Florida, the defendant,

## JOAQUIN HERRERA,

did knowingly and intentionally employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a

visual depiction of such conduct, and this depiction was produced using materials that had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT FIVE

On or about May 3, 2019, in the Northern District of Florida, the defendant,

### JOAQUIN HERRERA,

did knowingly possess material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2253. From his engagement in the violations alleged in Counts One through Five of this Indictment, the defendant,

### JOAQUIN HERRERA,

3

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

A.      Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, United States Code;

B.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses alleged in Counts One and Two of this Indictment; and

C.      Any property, real or personal, used, or intended to be used, to commit or promote the commission of the offenses alleged in Counts One and Two of this Indictment.

D.      The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, and hard disk drives or units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the hardware and software mentioned above, tools,

4

equipment, and manuals and documentation for the assembly and use of the hardware and software mentioned above.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

      i.    cannot be located upon the exercise of due diligence;

      ii.    has been transferred or sold to, or deposited with, a third person;

      iii.    has been placed beyond the jurisdiction of the Court;

      iv.    has been substantially diminished in value; or

      v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendant up to the value of any forfeitable property

described above.

A TRUE BILL:

FOREPERSON

10 / 01 / 2019

DATE

LAWRENCE KEEFE
United States Attorney

MICHELLE DAFFIN
Assistant United States Attorney

6

Plea Agreement

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

v.                                   **CASE No: 5:19-CR-68-TKW-MJF**

**JOAQUIN HERRERA**

_____/

## PLEA AGREEMENT

### 1.  PARTIES TO AGREEMENT

This agreement is entered into, by, and between, Joaquin Herrera, as the Defendant, Tim Halstrom, attorney for the Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

### 2. TERMS

The parties agree to the following terms:

a.      The Defendant will plead guilty to Count One (Production of Child Pornography), Count Two (Production of Child Pornography), Count Three (Production of Child Pornography), Count Four (Production of Child Pornography), and Count Five (Possession of Child Pornography Which Involved a Prepubescent

FILED IN OPEN COURT THIS

_J.h.llia_   9-3-2020

CLERK, U.S. DISTRICT
COURT, NORTH DIST. FLA

Minor or a Minor Who Had Not Attained 12 Years of Age).  As to Count One, the Defendant faces a minimum mandatory term of fifteen years' imprisonment, a maximum of thirty years' imprisonment, a minimum term of five years and a maximum term of life on supervised release, a $250,000 fine, and a $100 special monetary assessment.  The Court shall impose an assessment of not more than $50,000 pursuant to 18 U.S.C. § 2259A(a)(3).  As to Count Two, the Defendant faces a minimum mandatory term of fifteen years' imprisonment, a maximum of thirty years' imprisonment, a minimum term of five years and a maximum term of life on supervised release, a $250,000 fine, and a $100 special monetary assessment. The Court shall impose an assessment of not more than $50,000 pursuant to 18 U.S.C. § 2259A(a)(3).  As to Count Three, the Defendant faces a minimum mandatory term of fifteen years' imprisonment, a maximum of thirty years' imprisonment, a minimum term of five years and a maximum term of life on supervised release, a $250,000 fine, and a $100 special monetary assessment.  The Court shall impose an assessment of not more than $50,000 pursuant to 18 U.S.C. § 2259A(a)(3). As to Count Four, the Defendant faces a minimum mandatory term of fifteen years' imprisonment, a maximum of thirty years' imprisonment, a minimum term of five years and a maximum term of life on supervised release, a $250,000 fine, and a $100 special monetary assessment. The Court shall impose an assessment

2

of not more than $50,000 pursuant to 18 U.S.C. § 2259A(a)(3).  As to Count Five, the Defendant faces a maximum term of twenty years' imprisonment, a minimum term of five and a maximum term of life on supervised release, a $250,000 fine, restitution which includes, but is not limited to, a minimum of $3,000 per victim (see Paragraph j), and a $100 special assessment. The Court shall impose an assessment of not more than $17,000 pursuant to 18 U.S.C. § 2259A(a)(1).  The Defendant agrees to pay the special monetary assessments on or before the date of sentencing.

If the Defendant is unable to pay the special assessments prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the Defendant is subject includes the forfeiture of all forfeitable assets.

b.     By voluntarily pleading guilty to Counts One, Two, Three, Four, and Five in the Indictment, the Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These constitutional rights include:  the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the

right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

    c.    The Defendant is pleading guilty because the Defendant is in fact guilty of the charge alleged in Counts One, Two, Three, Four, and Five of the Indictment. In pleading guilty, the Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

    d.    Upon the District Court's adjudication of guilt of the Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled. The Defendant agrees that substantial evidence exists to support the charges.

    e.    Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

    f.    If the Defendant is not a citizen of the United States, the Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation.

    g.    The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States

Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statutes for the offense.

h.    Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the Defendant. The United States Attorney further reserves the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

i.    The Defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an

5

employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

      j.      Pursuant to 18 U.S.C. §§ 3663 and 2259, Defendant agrees to the entry of a Restitution Order in the amount of $3,000.00 for each victim who is identified in images contained on any of the defendant's electronic devices and submits a claim for restitution based on damages. Defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d). The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

6

## 3. SENTENCING

a.     The Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.     The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

c.     The parties reserve the right to appeal any sentence imposed.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

7

LAWRENCE KEEFE
United States Attorney

TIM HALSTROM
Attorney for Defendant

8 - 26 - 2020

Date

MICHELLE SPAVEN
Assistant United States Attorney
Florida Bar No. 0640761
Northern District of Florida
1001 East Business Hwy 98, Ste 200
Panama City, FL 32401
(850) 767-5006
michelle.spaven@usdoj.gov

JOAQUIN HERRERA
Defendant

8-26-2020

Date

8

Report and Recommendation

Page 1 of  2

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                             Case No.  5:19cr68-TKW/MJF

JOAQUIN HERRERA
_____

### REPORT AND RECOMMENDATION
### CONCERNING PLEA OF GUILTY

The Defendant, by consent, has appeared before me pursuant to Rule 11, Fed.

R. Crim. P., and has entered a plea of guilty to Counts 1, 2, 3, 4, and 5 of the

Indictment.  After cautioning and examining the Defendant under oath concerning

each of the subjects mentioned in Rule 11, I determined that the guilty plea was

knowing and voluntary, and that the offenses charged are supported by an independent

basis in fact containing each of the essential elements of such offenses.  I therefore

recommend that the plea of guilty be accepted and that the Defendant be adjudicated

guilty and have sentence imposed accordingly.

Dated:         September 3, 2020


/s/ *Michael J. Frank*  _____
**MICHAEL J. FRANK**
**UNITED STATES MAGISTRATE JUDGE**

Page 2 of  2

## **NOTICE**

Objections to these proposed findings and recommendations must be filed within twenty four (24) hours after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case No.: 5:19cr68-TKW/MJF

Plea Agreement Accepted

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.                                              Case No.  5:19cr68/TKW

JOAQUIN HERRERA

_____

## ACCEPTANCE OF PLEA OF GUILTY

Pursuant to the Report and Recommendation of the United States Magistrate Judge, to which there have been no timely objections, and subject to this Court's consideration of the Plea Agreement pursuant to Fed. R. Crim. P. 11, the plea of guilty of the Defendant, JOAQUIN HERRERA, to Counts 1, 2, 3, 4, and 5 of the Indictment is hereby **ACCEPTED**.  All parties shall appear before this Court for sentencing as directed.

**DONE and ORDERED** this 8th day of September, 2020.

*T. Kent Wetherell, II*
_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

Judgment

NDFL 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>JOAQUIN HERRERA | )   **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)<br>)   Case Number:     5:19cr68-001-TKW<br>)<br>)   USM Number:     26604-017<br>)<br>)   Timothy Halstrom, AFPD<br>)   Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)    Counts 1 through 5 of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) and 2251(e) | Enticement of a Minor for Production of Child Pornography | 4/3/2019 | 1 |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Enticement of a Minor for Production of Child Pornography | 4/5/2019 | 2 |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Enticement of a Minor for Production of Child Pornography | 4/22/2019 | 3 |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Enticement of a Minor for Production of Child Pornography | 4/28/2019 | 4 |
| 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) | Possession of Child Pornography | 5/3/2019 | 5 |

     The defendant is sentenced as provided in pages 2 through    **8**    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count          ☐ is dismissed      on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/17/2020
Date of Imposition of Judgment

_____
Signature of Judge

T. Kent Wetherell II, United States District Judge
Name and Title of Judge

12/29/20
Date

NDFL 245B (Rev. 11/16)      Judgment in a Criminal Case
                            Sheet 2 — Imprisonment

Judgment — Page   2   of   8

DEFENDANT:        JOAQUIN HERRERA
CASE NUMBER:      5:19cr68-001/TKW

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 360 months as to Counts 1, 2 and 4, with consecutive terms; 120 months as to Count 5, consecutive to Counts 1, 2 and 4; 360 Months  as to Count 3, concurrent with Counts 1, 2 and 4.

☒  The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant participate in a residential drug abuse program to include cognitive-behavioral therapy, or similar program.

The Court recommends that the defendant participate in sex offender treatment, or such similar program.

The Court recommends that the defendant be designated to a facility located in the Southeastern region.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal in       or at the institution designated by the Bureau of Prisons

   ☐  by 12:00 Noon on

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m. on                          .

## RETURN

I have executed this judgment as follows:

Defendant delivered on                                    to

at                                    , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

NDFL 245B (Rev. 11/16)      Judgment in a Criminal Case
                            Sheet 3 — Supervised Release

Judgment—Page ___3___ Of ___8___

DEFENDANT:           JOAQUIN HERRERA
CASE NUMBER:         5:19cr68-001/TKW

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 10 years as to each Count, with concurrent terms.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you
       pose a low risk of future substance abuse. *(check if applicable)*
4.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.  ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as
       directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
       reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

NDFL 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment—Page | 4 | of | 8 |

DEFENDANT: JOAQUIN HERRERA
CASE NUMBER: 5:19cr68-001/TKW

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

NDFL 245B (Rev. 11/16)      Judgment in a Criminal Case
                            Sheet 3D — Supervised Release

Judgment—Page    5    of    8

DEFENDANT:        JOAQUIN HERRERA
CASE NUMBER:      5:19cr68-001/TKW

## SPECIAL CONDITIONS OF SUPERVISION

You must register with the state sex offender registration agency as required by state law. You must provide proof of registration to the Probation Officer within three days of release from imprisonment/placement on supervision. In any state that has adopted the requirements of the Sex Offender Registration and Notification Act (42 USC sec. 16901 et seq.), you must also comply with all such requirements as directed by the Probation Officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, are a student, or were convicted of a qualifying offense;

You must participate in sex offender-specific treatment, as directed by the probation officer. You must pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. The actual co- payment schedule must be determined by the probation officer. The probation officer must release the presentence report and all previous mental health evaluations to the treatment provider. As part of the treatment program, you must submit to polygraph or other psychological or physiological testing as recommended by the treatment provider;

You must submit to periodic polygraph testing at the discretion of the probation office as a means to ensure that you are in compliance with the requirements of your supervision or treatment program;

Your residence must be approved by the probation officer, and any change in residence must be pre-approved by the Probation Officer. You must submit the address of any proposed residence to the Probation Officer at least 10 days prior to any scheduled change;

Your employment must be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The defendant must submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change;

You must not frequent or loiter within 100 feet of any location where children are likely to gather, or have contact with any child under the age of 18 unless otherwise approved by the probation officer. Children are likely to gather in locations including, but not limited to, playgrounds, theme parks, public swimming pools, schools, arcades, museums or other specific locations as designated by the probation officer;

You must not possess or use a computer without the prior approval of the probation officer. "Computer" includes any electronic device capable of processing or storing data as described at 18 U.S.C. § 1030, and all peripheral devices;

As directed by the probation officer, you must enroll in the probation office's Computer and Internet Monitoring Program (CIMP), and must abide by the requirements of the CIMP program and the Acceptable Use Contract;

NDFL 245B (Rev. 11/16)    Judgment in a Criminal Case
                               Sheet 3D — Supervised Release

Judgment—Page   6   of   8

DEFENDANT:      JOAQUIN HERRERA
CASE NUMBER:   5:19cr68-001/TKW

## SPECIAL CONDITIONS OF SUPERVISION (Continued)

You must not access the Internet or any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. "On-line services" include any Internet service provider, or any other public or private computer network.  As directed by the probation officer, you must warn your employer of restrictions to your computer use;

You must consent to the probation officer conducting periodic unannounced examinations of your computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting a more thorough inspection. You must also consent to the installation of any hardware or software as directed by the probation officer to monitor your Internet use;

You must not possess or use any data encryption technique or program;

You must not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8);

You must refrain from accessing, via the Internet, any pornography or other materials depicting sexually explicit conduct as defined at 18 U.S.C. § 2256(2), without the prior approval of the probation officer;

You must submit to testing to determine whether you are using drugs or alcohol;

You must successfully participate in substance abuse treatment consisting of an initial evaluation by a probation officer or outside provider and any further appropriate treatment. The treatment may include cognitive behavioral therapy;

You must participate in a mental health evaluation and any appropriate treatment as directed by the probation officer. You must continue to take medications as prescribed and comply with any current mental health treatment plan as directed;

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner;

You must provide the probation officer all requested financial information, both business and personal;

NDFL 245B (Rev. 11/16)    Judgment in a Criminal Case
                          Sheet 5 — Criminal Monetary Penalties

Judgment — Page   7   Of   8

DEFENDANT:          JOAQUIN HERRERA
CASE NUMBER:        5:19cr68-001/TKW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **AVAA\*** | **Fine** | **Restitution** |
|---------|----------------|------------|----------|-----------------|
| **TOTALS** | $ 500.00 | $ 1,000.00 | $ Waived | |

☐ The determination of restitution is deferred _____ days . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|--------------------|--------------------------|----------------------------|
|                   |                    |                          |                            |

| **TOTALS** | $ | $ |
|------------|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

NDFL 245B (Rev. 11/16)    Judgment in a Criminal Case
                          Sheet 6 — Schedule of Payments

Judgment — Page ___8___ of ___8___

DEFENDANT:      JOAQUIN HERRERA
CASE NUMBER:    5:19cr68-001/TKW

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of $ __1,500.00__ due immediately.

   ☐  not later than _____ , or
   ☐  in accordance with  ☐ C,   ☐ D,   ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,   ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
   Preliminary Order of Forfeiture filed on 12/14/2020 at document no. 45.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Notice of Appeal

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,
         Plaintiff,

vs.                                              Case No. 5:19cr68-TKW

JOAQUIN HERRERA,
         Defendant.
_____/

## NOTICE OF APPEAL

Notice is hereby given that Joaquin Herrera, above named defendant, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Judgment entered in this action on the 29th day of December 2020.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Michelle Spavin, Assistant U. S. Attorney, 1001 E. Business Hwy. 98, Panama City, FL 32401, by Notice of Electronic Filing on January 7, 2021.

                                   _/s/ Timothy C. Halstrom_____
                                   TIMOTHY C. HALSTROM
                                   Assistant Federal Public Defender
                                   ALABAMA BAR NO. 8052L34T
                                   Federal Public Defender's Office
                                   3 West Garden Street, Suite 200
                                   Pensacola, Florida 32502
                                   (850) 432-1418 (phone)
                                   (850) 434-3855 (fax)
                                   tim_halstrom@fd.org
                                   Attorney for Defendant

Sentencing Transcript

1                   **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF FLORIDA**
2                       **PANAMA CITY DIVISION**

3

UNITED STATES OF AMERICA,      )
4                              )
                Plaintiff,     ) Case No: 5:19cr68/TKW
5                              )
     v.                        ) Pensacola, Florida
6                              ) December 17, 2020
                               ) 10:09 a.m.
7   JOAQUIN HERRERA,           )
                               )
8                Defendant.    )
    _____)
9

10                 **TRANSCRIPT OF SENTENCING HEARING**
             **BEFORE THE HONORABLE T. KENT WETHERELL, II**
11                 **UNITED STATES DISTRICT JUDGE**
                      **(Pages 1 through 33)**

12

13  <u>APPEARANCES</u>:

14

    For the Government:      United States Attorney's Office
15                           by:  **MICHELLE K. SPAVEN**
                             111 North Adams Street
16                           Fourth Floor
                             Tallahassee, Florida 32301
17                           (850) 942-8430
                             *michelle.spaven@usdoj.gov*
18

19

    For the Defendant:       Federal Public Defender's Office
20                           by:  **TIMOTHY C. HALSTROM**
                             Three West Garden Street
21                           Suite 200
                             Pensacola, Florida 32502-5654
22                           (850) 432-1418
                             *tim_halstrom@fd.org*
23

24                  *Julie A. Wycoff, RMR, CRR*
                 *Official United States Court Reporter*
25              *(850) 470-8196 * julieawycoff@gmail.com*

1              **P R O C E E D I N G S**

2         *(Call to Order of the Court.)*

10:09:43   3         THE COURT:  Good morning, please be seated.

10:09:44   4         All right.  This is Case Number 5:19cr68, United

10:09:53   5    States versus --

10:10:01   6         MR. HALSTROM:  "Wa-KEEN."

10:10:03   7         THE COURT:  -- Joaquin Herrera.

10:10:03   8         I see Ms. Spaven here for the Government; Mr. Halstrom

10:10:06   9    here for the defendant; and Mr. Herrera, you're here as well.

10:10:09  10    Good morning.

10:10:11  11         Let me tell you briefly what I've received, and you

10:10:13  12    can tell me if I've not gotten anything that I should have.

10:10:19  13         I received the defendant's sentencing memoranda with a

10:10:22  14    number of attachments.  The Government's sentencing memoranda.

10:10:28  15    Obviously I have the presentence report which had some letters

10:10:34  16    from the victims' mothers.  The file also had in it the forensic

10:10:40  17    competency evaluation done at BOP, and this morning I received a

10:10:45  18    letter from Ms. Christyline Ruiz.  Anything else from the

10:10:49  19    Government that I should have that I didn't list?

10:10:51  20         MS. SPAVEN:  No, Your Honor.

10:10:52  21         MR. HALSTROM:  No, Your Honor.

10:10:55  22         THE COURT:  And I see we have video going.  Did the

10:10:58  23    victims' mothers or some other people, are they watching online

10:11:02  24    here?

10:11:02  25         MS. SPAVEN:  Your Honor, our victim witness

10:11:05  1   coordinator provided information that was given to our office by

10:11:08  2   your courtroom deputy.  I messaged our victim witness

10:11:12  3   coordinator this morning.  She suggested that one of the

10:11:14  4   victims' mothers intended to be on the call, but I'm not sure

10:11:17  5   that she's logged on.  They had the information that was

10:11:21  6   provided.

10:11:21  7         THE COURT:  Okay.  Well, if they log in -- you

10:11:24  8   intended them just to be observers, not witnesses?

10:11:29  9         MS. SPAVEN:  That's correct, Your Honor, and we do

10:11:31  10   appreciate Your Honor allowing them the opportunity to do that.

10:11:33  11         THE COURT:  Very well.  The purpose of our hearing is

10:11:35  12   a sentencing hearing based upon a previously entered and

10:11:37  13   accepted plea.

10:11:41  14         Mr. Herrera, let me tell you briefly how we're going

10:11:44  15   to proceed today.  In a moment I'm going to have a conversation

10:11:47  16   with the attorneys to make sure there are no objections to the

10:11:50  17   presentence report and the calculations in it.  It's important

10:11:53  18   that we go through those objections and, if there are any, that

10:11:58  19   I resolve them, because the calculations in the report establish

10:12:00  20   the guideline range for me to consider.  I'm not bound by that

10:12:07  21   guideline range, but it is important that we get it calculated

10:12:11  22   correctly.

10:12:12  23         After we get through that process with the attorneys,

10:12:14  24   I'll give you an opportunity to tell me whatever you want me to

10:12:17  25   know about the circumstances that bring us here today.  You're

10:12:19  1    not required to tell me anything; and if you choose not to, I

10:12:23  2    won't hold that against you in any way.  But you do have that

10:12:26  3    right, and I am happy to hear it.

10:12:28  4              After I hear from you --

10:12:32  5              Are there any other witnesses that are going to be

10:12:34  6    brought forward today?

10:12:36  7              MS. SPAVEN:  None from the Government, Your Honor.

10:12:38  8              MR. HALSTROM:  None from the defense.

10:12:39  9              THE COURT:  All right.

10:12:39  10             Then after I hear from you, I'll give the attorneys an

10:12:42  11   opportunity to make their sentencing arguments.  And when

10:12:45  12   they're finished arguing, or I'm finished listening to them,

10:12:49  13   I'll have all the information that I'm going to have and I'll be

10:12:53  14   in a position to announce what the sentence is and explain it to

10:12:55  15   you.  So you'll leave here today knowing where you stand with

10:12:58  16   this case.

10:12:59  17             Any questions about that process?

10:13:01  18             THE DEFENDANT:  No, Your Honor.

10:13:04  19             THE COURT:  All right.  Counsel, then looking at the

10:13:06  20   presentence report, I did not see any objections that were

10:13:09  21   filed.  Did I miss any?

10:13:12  22             MS. SPAVEN:  No.  The Government has no objections to

10:13:14  23   the guidelines calculation as in the final PSR.

10:13:18  24             THE COURT:  Mr. Halstrom?

10:13:18  25             MR. HALSTROM:  Our only objections were based on

10:13:21  1    certain inaccuracies in the family history.  There's no

10:13:25  2    objections with respect to the calculations.

10:13:27  3                THE COURT:  Okay.

10:13:28  4                MR. HALSTROM:  And they've been corrected in the

10:13:30  5    final.

10:13:31  6                THE COURT:  All right.  There was one typographical

10:13:33  7    error that I noticed in paragraph 144.  It refers to Sentencing

10:13:42  8    Guideline 5G1.2 paren (b), as in boy.  I think that actually

10:13:50  9    should be paren (d), as in dog.  So with that change, without

10:14:00  10   any objections, I will adopt the presentence report as part of

10:14:04  11   any sentence that I impose in this case.

10:14:06  12               And the guideline calculations in there reflect a

10:14:13  13   criminal offense category of 43 -- excuse me, a Criminal History

10:14:16  14   Category of I, an offense level of 43, which would normally have

10:14:22  15   a guideline range of life.  But because the statutory maximums

10:14:28  16   here, the highest is 30 years, the guidelines range would be

10:14:35  17   1680 months, which is essentially the sum of the maximum for

10:14:44  18   each offense.

10:14:45  19               Is that how it works?

10:14:47  20               MS. SPAVEN:  Yes, Your Honor.  By operation of the

10:14:49  21   Guidelines, the statutory maximums consecutively then become the

10:14:53  22   guideline range.  Counts One through Four carry a 30-year

10:14:57  23   maximum.  Count Five carries a 20-year statutory maximum.

10:15:01  24               THE COURT:  And is that how you understand the

10:15:03  25   guidelines, Mr. Halstrom?

10:15:04  1          MR. HALSTROM:  That's how it's been explained to me,
10:15:05  2  and I understand it, Your Honor.
10:15:06  3          THE COURT:  Okay.  All right.  Well, then that will be
10:15:08  4  the guideline range I take into consideration here.
10:15:17  5          MS. SPAVEN:  Your Honor, I believe that the name
10:15:19  6  that's on the screen is one of the victim advocates for the
10:15:23  7  Children's Advocacy Center in Panama City, Ms. Berry, who has
10:15:27  8  been working very closely with the victim's family.
10:15:30  9          THE COURT:  Okay.  Ms. Berry, if you're on the line
10:15:33  10  there, we get a little bit of feedback when you brush against
10:15:36  11  the microphone.  So maybe if you would put your system on mute
10:15:39  12  there, I'd appreciate it.
10:15:45  13          All right.  Mr. Herrera, this is your opportunity, if
10:15:49  14  you'd like to take it, to tell me anything you'd like me to
10:15:51  15  know.
10:15:52  16          THE DEFENDANT:  Your Honor --
10:15:54  17          THE COURT:  And you're free to keep your seat if that
10:15:56  18  would be easier.
10:15:58  19          THE DEFENDANT:  Thank you.
10:16:00  20          Your Honor, I want to start saying that I am very
10:16:03  21  sorry for everybody that I have hurt, but the truth is that
10:16:09  22  there is no word for express how regretful I really feel.  I
10:16:15  23  cannot stop thinking on the emotional distress that I have
10:16:21  24  caused to these children and their family, including my own.  I
10:16:27  25  just cannot believe how I was capable of such things.

1    I cannot forgive myself for my actions.  For that, I

2  understand, if no one else can.  Hate, repugnance, sorrow, and

3  shame are just some of the burden that I know I may share with

4  these childrens and their family.  But the heaviest feeling up

5  in my shoulders is guilt, a burden I will carry for the rest of

6  my life, no matter where I am, conviction with humiliation.

7    Every day I feel hopeless, Your Honor.  Hopeless

8  because I cannot change the past or the incapability to mend my

9  errors, because I cannot fix what I have shattered and because I

10  cannot go back in time and take back all I have done.  I have

11  attempt to take my life several times because I feel worthless

12  and horrible.  I just cannot live knowing that the people that I

13  have loved the most in my whole life are part of my victims, and

14  there's nothing I can do to get them back.  Your Honor, I will

15  give anything -- my health or my own life -- to heal these

16  children.

17    I understand the gravity of my actions.  For that I

18  know that the process for remission takes time, and sometimes

19  all the time in the world is not enough to forgive.  But I

20  believe that the -- that forgiveness is the first step for

21  healing this particular trauma that I have caused these

22  children.  The longer it takes, the longer the trauma.  That is

23  why as a regretful parent, I incite the parents to impart

24  forgiveness in them before duration and the trauma become

25  irreversible.

| | | |
|---|---|---|
| 10:19:02 | 1 | My wish -- |
| 10:19:03 | 2 | THE COURT:  Hold on a second, Mr. Herrera. |
| 10:19:06 | 3 | Do we have somebody on Alexis's phone logging in here? |
| 10:19:16 | 4 | Ms. Spaven, do you have any idea who that might be? |
| 10:19:20 | 5 | MS. SPAVEN:  I'm sorry, Your Honor, I don't. |
| 10:19:22 | 6 | THE COURT:  All right.  Whoever that is that may have |
| 10:19:23 | 7 | just logged in on Alexis's phone, if you would just put your |
| 10:19:28 | 8 | phone on mute for us.  You're welcome to observe the proceeding, |
| 10:19:31 | 9 | but we just need you to have it on silent, please. |
| 10:19:37 | 10 | All right.  Mr. Herrera you may continue. |
| 10:19:41 | 11 | THE DEFENDANT:  My only wish and daily pray, Your |
| 10:19:43 | 12 | Honor, is that these children and everybody, everyone that I |
| 10:19:47 | 13 | hurt, find peace and heal from this nightmare that I have caused |
| 10:19:53 | 14 | you all, including myself.  And I would like to say to the |
| 10:20:01 | 15 | parents, victims that I wish you all could believe me when I say |
| 10:20:06 | 16 | that I got no ways to demonstrate how sorry I am, truly. |
| 10:20:12 | 17 | Thank you, Your Honor. |
| 10:20:14 | 18 | THE COURT:  Thank you, sir, I appreciate your |
| 10:20:15 | 19 | comments. |
| 10:20:19 | 20 | All right, Ms. Spaven.  Sentencing argument. |
| 10:20:25 | 21 | MS. SPAVEN:  Your Honor, would you wish I remain or |
| 10:20:27 | 22 | take the podium? |
| 10:20:29 | 23 | THE COURT:  Wherever you're comfortable. |
| 10:20:34 | 24 | MS. SPAVEN:  Your Honor, the Government's |
| 10:20:35 | 25 | recommendation for a true and just sentence in this matter is a |

10:20:38  1    statutory maximum of each count applied consecutively, which

10:20:43  2    would within a guidelines range sentence.  1,680 months for --

10:20:51  3    translates to 140 years and, the Government's view, is the

10:20:57  4    appropriate sentence in this case.

10:21:01  5            Certainly the guidelines comport with the Government's

10:21:04  6    sentencing recommendation.  But in a careful review of the

10:21:09  7    3553(a) factors, which I know Your Honor in every case does very

10:21:14  8    carefully and thoughtfully, certainly in this case there's ample

10:21:21  9    justification under the 3553(a) factors for a statutory maximum

10:21:25 10    consecutive sentence.

10:21:27 11            The nature and circumstances of the defendant's crimes

10:21:31 12    are horrifying.  The Presentence Investigation Report in the

10:21:38 13    Government's view did an excellent job in capturing the nature

10:21:45 14    of the evidence that was presented to the Government,

10:21:47 15    specifically in paragraphs 20 to 28 of the Presentence

10:21:52 16    Investigation Report.  The Government does not intend to review

10:21:55 17    those in detail.  Certainly Your Honor's had the opportunity to

10:21:59 18    review those, as the parties as well.  But to convey to the

10:22:05 19    Court, as someone who has seen those videos and sat with law

10:22:09 20    enforcement as we reviewed the evidence to determine for the

10:22:13 21    federal government, adopting what was an outstanding

10:22:17 22    investigation done by the Bay County sheriff's office, there are

10:22:22 23    no words that I can convey to the Court appropriately to explain

10:22:27 24    how tiny and how fragile those victims appeared in those videos

10:22:38 25    at the hands of the defendant.  It is powerful and real.

| | | |
|---|---|---|
| 10:22:46 | 1 | And the letters that Your Honor received by the |
| 10:22:49 | 2 | mothers of the victims, when I read those, it took me back to |
| 10:22:55 | 3 | that place of sitting with Agent Connolly and reviewing those |
| 10:22:59 | 4 | videos.  Because what it highlighted to me was innocence or the |
| 10:23:08 | 5 | theft the innocence.  Innocence that will never be recovered in |
| 10:23:13 | 6 | that same way.  And from the Government's view, the tenor, or |
| 10:23:19 | 7 | the emotional background of what the victims' mothers were |
| 10:23:24 | 8 | conveying to the Court, was similar to what struck the |
| 10:23:28 | 9 | Government in reviewing those videos individually, was just the |
| 10:23:35 | 10 | very young victims here enduring something that will impact them |
| 10:23:43 | 11 | potentially forever.  That not only references the nature and |
| 10:23:53 | 12 | circumstances of the offense under 3553(a) but certainly the |
| 10:23:59 | 13 | seriousness, the need for protection from the community. |
| 10:24:04 | 14 | In addition to what we know was endured by these |
| 10:24:09 | 15 | victim, three victims, paragraph 31 of the PSR also details |
| 10:24:14 | 16 | other items of child pornography that were recovered through |
| 10:24:18 | 17 | forensic analysis of the defendant's electronic items which |
| 10:24:23 | 18 | further, in the Government's view, expresses the need to protect |
| 10:24:27 | 19 | the community from the defendant. |
| 10:24:36 | 20 | 3553(a) also accounts for sentencing disparity or the |
| 10:24:40 | 21 | need to avoid unwarranted sentencing disparity.  The Government |
| 10:24:43 | 22 | referenced, I think, a minimum of two similar cases from the |
| 10:24:48 | 23 | Eleventh Circuit where lengthy sentences, much as what the |
| 10:24:53 | 24 | Government is recommending in this case, were found to be |
| 10:24:58 | 25 | substantively reasonable, certainly fall within the guidelines |

10:25:03   1    but also based on 3553(a) based on the gravity of the conduct.

10:25:06   2              What I did not include in the sentencing memorandum,

10:25:08   3    which I obviously didn't know at the time, but yesterday, Your

10:25:11   4    Honor, I had a case in Tallahassee -- so within our own district

10:25:15   5    in the Northern District of Florida -- where the District Court

10:25:18   6    in Tallahassee sentenced a defendant to 50 years, or 600 months,

10:25:24   7    for a case that involved similar charges, involved a biological

10:25:31   8    victim, much like this case, and -- but that was one victim in

10:25:39   9    that case, and here we are faced with three.  But I did want to

10:25:45  10    bring to the Court's attention that sentence that was handed

10:25:48  11    down yesterday, which, from the Government's view, is also

10:25:53  12    indicative of maintaining similar sentences for this type of

10:25:58  13    egregious behavior.

10:26:07  14              Just for the procedural areas of sentencing, Your

10:26:08  15    Honor, the Government did not receive a request for restitution.

10:26:12  16    Based on the Government's reading and guidance from the

10:26:17  17    Department of Justice related to the AVAA, the Amy, Vicky, Andy

10:26:23  18    Child Protection Act, because specific restitution requests were

10:26:28  19    not received that restitution would not be imposed.  And on the

10:26:33  20    alternative, that the sentencing special assessment, not only

10:26:39  21    the $100 special assessment per count but that an additional

10:26:43  22    special assessment through the AVAA, would be warranted.  And,

10:26:47  23    of course, forfeiture which Your Honor has previously entered a

10:26:50  24    preliminary order.

10:26:54  25              In this case, Your Honor, a statutory maximum

10:26:57  1  consecutive sentence on all counts from the Government's view is

10:27:02  2  the just punishment that fits the defendant's crimes.  Thank

10:27:06  3  you.

10:27:07  4          THE COURT:  Let me ask you a question or two --

10:27:08  5          MS. SPAVEN:  Yes, sir.

10:27:09  6          THE COURT:  -- about the Amy Vicki Andy Act.  But

10:27:16  7  before I ask the legal question, factually do I understand

10:27:23  8  correctly that the images taken of the three identified victims

10:27:27  9  were not distributed anywhere; is that correct?

10:27:31 10          MS. SPAVEN:  We have no forensic verification that

10:27:33 11  that has occurred, and I believe that the sheriff's office

10:27:36 12  covered that question with the defendant.  He denied

10:27:39 13  distributing that, and we have no forensic evidence to suggest

10:27:43 14  that it had been.  The images, of course, in every case will

10:27:46 15  be -- have been provided to the National Center for Missing and

10:27:48 16  Exploited Children.  We did not receive, to my knowledge, any

10:27:53 17  confirmation that those images had been received in other places

10:27:59 18  by NCMEC.

10:28:05 19          THE COURT:  And so that flows, then, into the legal

10:28:06 20  question.  As I understand the Amy Vicki Andy Act, the idea

10:28:10 21  behind it is to get money into a fund for individuals whose

10:28:17 22  photographs have been circulated around; and then every time

10:28:21 23  they're picked up, you tap into that fund, and they get some

10:28:24 24  sort of restitution.  Is that a crude but fair characterization

10:28:30 25  of what that act is intended to do?

10:28:32   1          MS. SPAVEN:  For the intention, yes, sir.

10:28:33   2          THE COURT:  Okay.  And so while statutorily the

10:28:37   3   offenses in Counts One through Four would qualify for a

10:28:41   4   mandatory assessment under that act, really its purpose is

10:28:46   5   driven -- an imposition of an assessment on Count Five is really

10:28:52   6   where the purpose would be achieved most, if I'm saying that

10:28:55   7   correctly?

10:28:57   8          MS. SPAVEN:  Yes, sir.  But even almost taking a

10:29:02   9   step -- more on the procedural step, rather than the policy

10:29:05  10   objective, the guidance we received from the Department of

10:29:09  11   Justice -- I had this issue come up in a case in Tallahassee

10:29:12  12   where we briefed it, did a lot of research, contacted the

10:29:15  13   specific section in the Department of Justice that handles child

10:29:19  14   exploitation cases.  The guidance that we received is that the

10:29:23  15   AVAA can does not change the Government's legal requirements;

10:29:26  16   that although that floor is there for trafficking in child

10:29:33  17   pornography cases, which Counts One through Four would qualify

10:29:36  18   as, doesn't change the fact that the Government's responsibility

10:29:41  19   would be to prove the proximate cause of the loss.  And without

10:29:44  20   loss being requested or advanced to the Court in the defense

10:29:49  21   that that -- Government would not be able to meet their burden

10:29:53  22   even for that floor that the act creates.

10:29:56  23          THE COURT:  Okay.  All right.  Thank you.

10:29:57  24          MS. SPAVEN:  But obviously the statutory special

10:30:00  25   assessment through the AVAA would not have that burden-carrying

10:30:06  1    requirement by the Government, so that would apply regardless.

10:30:09  2            THE COURT:  Gotcha.  Okay.

10:30:11  3            MS. SPAVEN:  Thank you, sir.

10:30:12  4            THE COURT:  Thank you.

10:30:13  5            All right.  Mr. Halstrom.

10:30:15  6            MR. HALSTROM:  Thank you, Your Honor.  Just

10:30:18  7    administratively, I did offer Exhibit O, which was not part of

10:30:24  8    the actual defendant's sentencing memorandum.

10:30:27  9            THE COURT:  And that was the letter from Ms. Ruiz that

10:30:30  10   I referred to, and it will it be received as part of the

10:30:32  11   sentencing hearing here today.

10:30:34  12           MR. HALSTROM:  Thank you, Your Honor.

10:30:40  13           Your Honor, these are the most difficult cases a

10:30:43  14   defense attorney has to work with this client on.  They're

10:30:48  15   emotional.  They're emotional for the Government; they're

10:30:50  16   emotional for the parents involved; for the children involved;

10:30:53  17   and as you have heard, it's very emotional for the defendant

10:30:56  18   himself to address.

10:31:02  19           I've filed the defendant's sentencing memorandum, and

10:31:04  20   I'm not going to go over the background of the defendant in any

10:31:08  21   way.  I know, Your Honor has looked at that.  I do want to

10:31:13  22   direct some salient points from that.

10:31:17  23           As you know, and as from the report in the PSR, the

10:31:22  24   childhood of Mr. Herrera was less than normal.  It was rather

10:31:26  25   difficult.  Raised by a grandmother.  Father was totally absent

10:31:30   1   from his life due to jail time that he had with respect to

10:31:35   2   drugs.  Mother was infrequent in the home, depending on the

10:31:38   3   relationships that she had outside the home.  At age 12, his

10:31:41   4   grandmother died, and he became pretty much responsible for the

10:31:46   5   two -- the three younger siblings that were in the home.  They

10:31:50   6   were provided for financially by the mother.  And all was well

10:31:55   7   and they weren't derived of anything, but he carried that

10:31:58   8   responsibility.

10:31:59   9        His use of drugs began in his teen years with

10:32:04  10   infrequent use of marijuana.  However, he began to use cocaine

10:32:09  11   when he was 21.  And I think the most salient point is that he

10:32:14  12   became heavily addicted to methamphetamine in 2018 when he was

10:32:19  13   30.  And I might pause and indicate that the presentence report

10:32:25  14   states that he became addicted in December of 2019, and I

10:32:31  15   believe that's just an error.  It was 2018, since the events

10:32:36  16   occurred in 2019 itself.

10:32:39  17        THE COURT:  What paragraph was that?

10:32:43  18        MR. HALSTROM:  Do you have that Ms. Laird?

10:32:46  19        PROBATION OFFICER:  I'll find it.

10:32:47  20        THE COURT:  Ms. Laird will let us know if that is a

10:32:50  21   typographical error; and if it is, it will be corrected without

10:32:53  22   objection.

10:32:55  23        PROBATION OFFICER:  In paragraph 122, I do have that

10:32:58  24   he first used methamphetamine in December of 2019.  So if that

10:33:02  25   should be 2018, I can correct that.

10:33:05   1          MR. HALSTROM:  Correct.

10:33:05   2          THE COURT:  Okay.  That will be corrected.

10:33:10   3          MR. HALSTROM:  He received a nursing degree in 2014

10:33:15   4   while living in Puerto Rico.  It was around this time that he

10:33:18   5   was first diagnosed with depression and anxiety.  He was

10:33:25   6   hospitalized after an attempted suicide, and his bouts with

10:33:29   7   depression continued and was subsequently diagnosed with bipolar

10:33:33   8   and depression while working in Panama City with the New Wave

10:33:37   9   Clinic.

10:33:39  10          Then in December of 2018, he began using

10:33:42  11   methamphetamine which led to a severe addiction.  He was a daily

10:33:49  12   user of significant amounts to the point of going weeks at a

10:33:51  13   time without sleep.  He was continuously high on meth for over

10:33:57  14   five months leading up to the acts he committed in April 2019.

10:34:05  15          Mr. Herrera offers no excuse for the despicable acts

10:34:08  16   he committed against these innocent children.  It is simply

10:34:11  17   confusing that a man that has no history of thinking of such

10:34:15  18   horrendous act, much less committing them in his previous 30

10:34:20  19   years of a productive, meaningful life, suddenly, within a

10:34:23  20   period of three weeks, does them.

10:34:26  21          Mr. Herrera has three daughters, age 12, 5, and 4.

10:34:30  22   And it must be noted that prior to the offense that brings him

10:34:32  23   before Your Honor today, there was not a hint of any propriety

10:34:36  24   with any of these girls.  The only explanation that comes to

10:34:40  25   mind is that a destructive combination of depression and heavy

10:34:45  1  use of methamphetamine came together to create a nightmarish act

10:34:49  2  against children he loved.  The acts Mr. Herrera committed are

10:34:53  3  simply inconsistent with the person he is and, as Counselor

10:34:57  4  Bogle states, are inconsistent with his current presentation,

10:35:03  5  and, quote, are not representative of him.

10:35:06  6       Mr. Herrera has shown deep remorse for his actions

10:35:10  7  against these innocent girls.  He has trouble living with

10:35:13  8  himself.  Ms. Bogle, a counselor at Walton County jail, has

10:35:21  9  spent considerable time with Mr. Herrera and states

10:35:24  10  unequivocally he has demonstrated remorse for his actions in

10:35:29  11  relation to the harm he has caused, rather than the potential

10:35:34  12  impact can he is facing.

10:35:37  13       Certainly Mr. Herrera must be punished for his crime

10:35:40  14  as the law requires.  If Mr. Herrera's life demonstrated that

10:35:43  15  those acts were consistent with his character, perhaps I would

10:35:47  16  agree with the recommendation of the Government.  But they are

10:35:49  17  not.  They're an aberration of his character.

10:35:54  18       Dr. Shuler reports that the risk analysis of

10:35:57  19  Mr. Herrera suggests he is at a relatively low risk for sexual

10:36:02  20  recidivism.

10:36:03  21       THE COURT:  Let me interrupt with you something.  I

10:36:05  22  had a question about that that I was going to ask at the end,

10:36:07  23  but since you got there.  In that same paragraph, the doctor

10:36:12  24  says most sexual offenders are not high risk for sexual

10:36:17  25  reoffense.  That's inconsistent with my understanding of sexual

10:36:24 1   offenders' recidivism.  Do you think that was a typo, or do you

10:36:30 2   think that's an accurate statement?

10:36:32 3                    MR. HALSTROM:  Your Honor, I am not qualified to

10:36:34 4   opine --

10:36:36 5                    THE COURT:  All right.  But you've seen a lot of these

10:36:38 6   cases.

10:36:39 7                    MR. HALSTROM:  -- with respect to that.

10:36:41 8                    What I think is -- and I understand the sentence

10:36:43 9   before that, but I think the point that I would make, and I

10:36:47 10  don't think there's any error in this statement, is that he is a

10:36:53 11  very low risk, relatively low risk of recidivism.  And that's

10:37:01 12  taking into consideration his past and the interviews that they

10:37:03 13  have with the individual himself.  Whether or not history

10:37:08 14  purports that a lot or most sexual abusers are a risk for

10:37:15 15  recidivism, he is not.

10:37:19 16                   THE COURT:  As sex offenders go, is how I read her

10:37:21 17  analysis.

10:37:22 18                   MR. HALSTROM:  Yes, sir.

10:37:23 19                   THE COURT:  As sex offenders go.

10:37:24 20                   MR. HALSTROM:  Well, as the general population goes,

10:37:25 21  he is a low risk.  The general population goes, there's no risk,

10:37:30 22  totally limited risk of that, is the way I read it.

10:37:39 23                   THE COURT:  Okay.  Go ahead.  I'm sorry to interrupt.

10:37:42 24                   MR. HALSTROM:  In consideration of the arguments

10:37:43 25  presented in Mr. Herrera's Sentencing Memorandum, which I will

10:37:47 1    not go over in entirety, a sentence consistent with 18 U.S.C.

10:37:54 2    2251(a) and (e) is appropriate for the conduct he committed

10:37:58 3    between August -- or April the 3rd and April the 28th of 2019.

10:38:07 4         What is confounding to me is that you've got this life

10:38:11 5    free of criminal history whatsoever; and then in a period of

10:38:17 6    three weeks, you've got some of the most horrendous acts that I

10:38:21 7    personally can think of.  Acts against children are

10:38:24 8    reprehensible.  Innocent children lose their innocence.  I can't

10:38:31 9    think of more despicable acts than an individual can do.  But I

10:38:36 10   think there's a combination of events that led him to do this

10:38:39 11   because it's apparently inconsistent with his lifestyle and his

10:38:44 12   character, and I think that's what the Court needs to take into

10:38:47 13   consideration here.

10:38:50 14        Considering the sentencing factors in 18 U.S.C. 3553,

10:38:57 15   I believe a concurrent sentence is sufficient but not greater

10:39:00 16   than necessary to achieve the purposes of paragraph 2.  The very

10:39:07 17   purposes there -- let me just address sentencing disparity.

10:39:11 18        In my understanding of sentencing disparity is where

10:39:14 19   you have codefendants and they commit several similar acts under

10:39:21 20   similar conditions, and there's -- needs to be a set sentence or

10:39:25 21   a sentence that is consistent with each individual's involvement

10:39:30 22   in the crime.  I appreciate the Government's use of cases where

10:39:37 23   significant time is given, but we don't know what the character

10:39:40 24   issues are of that or the factual issues are of those cases.

10:39:45 25   And this is a case, I think, that the Court needs to look into

10:39:48  1    the individual's past, his character, and what came about that

10:39:52  2    caused these reprehensible acts.

10:39:56  3             Promoting the respect of law.  I don't think 140 years

10:40:00  4    is necessary to fulfill that particular provision.  I think

10:40:05  5    anything between 15 and 30 years is more than sufficient to

10:40:10  6    promote the respect for law.

10:40:13  7             Provide a just punishment.  I think it is reasonable

10:40:16  8    and it is within the jurisdiction and judgment of the Court to

10:40:20  9    provide a sentence between 15 and 30 years.

10:40:24  10            Afford adequate deterrence to criminal conduct.

10:40:29  11   That's a very significant sentence that is suggested by the

10:40:34  12   statute.

10:40:35  13            To protect the public from further crimes of the

10:40:37  14   defendant.  And here again, the statements from Dr. Shuler and

10:40:44  15   from Ms. Bogle are that he's a low risk in the community in that

10:40:50  16   regard.

10:40:51  17            And to provide the defendant with needed education and

10:40:53  18   vocational training, medical care, and other treatment.  That's

10:40:56  19   an issue the Court -- we'd ask the Court to consider, that

10:41:00  20   wherever he is sentenced to spend his time at the BOP that he

10:41:05  21   receive the treatment that is indicated with not only

10:41:09  22   sex-offender treatment but also the drug addiction that he has.

10:41:13  23            The law requires that Counts One, Two, Three, and Four

10:41:17  24   be punished by a minimum of 15 years and a maximum of 30 years.

10:41:23  25   Count Five is limited to the maximum of 20 years.  I am not

10:41:27  1   aware of any requirement that the sentences must be run

10:41:30  2   consecutive.

10:41:32  3          It is further requested that -- and I just stated that

10:41:35  4   he needs to be sent to a location that provides the treatment

10:41:40  5   that he needs.

10:41:43  6          Your Honor, it's a very difficult case for me.  It's a

10:41:50  7   very difficult situation for Mr. Herrera.  Quite frankly, he's a

10:41:56  8   victim of his own conduct.  How that conduct came about is

10:42:02  9   something that I wish we understood completely because I do

10:42:06  10  believe it is an aberration of his lifetime of living in this

10:42:13  11  community, in the communities that he's lived in, and total

10:42:17  12  absence of criminal history or criminal conduct -- with the

10:42:20  13  exception of his drug use, of course -- and I ask the Court to

10:42:23  14  sentence him accordingly, within those lines of 15 to 30 years.

10:42:28  15         THE COURT:  Thank you, counsel.

10:42:30  16         All right.  Ms. Spaven, anything further?

10:42:32  17         MS. SPAVEN:  No, Your Honor.

10:42:34  18         THE COURT:  All right.

10:42:43  19         All right.  Mr. Herrera, let me begin with the easier

10:42:46  20  part.  Based upon the pleas that you entered and that were

10:42:50  21  accepted, I am going to adjudicate you guilty of Counts One

10:42:57  22  through Five, which brings me to the more difficult question of

10:43:00  23  what to do about that, what sentence is sufficient but no

10:43:05  24  greater than necessary, which is the task that I have in this

10:43:08  25  case.

10:43:09  1          And as your lawyer and the Government's lawyer talked

10:43:11  2   about, in making that determination, there are a number of

10:43:15  3   things I'm required to consider, including the guidelines that

10:43:18  4   we talked about earlier with counsel, as well as the nature and

10:43:22  5   circumstances of the offense, the history and characteristics of

10:43:26  6   you as an individual defendant, the need for a just punishment,

10:43:31  7   the need for any sort of restitution or vocational training, as

10:43:36  8   well as the need to promote a respect for the law.

10:43:40  9          And in your case, you know, let me start with the

10:43:45 10   things that cut in your favor, and then we'll get to the things

10:43:49 11   that do not.  You know, certainly I've taken into account the

10:43:53 12   childhood that you had, which was, as your attorney argued, less

10:43:57 13   than ideal with no father figure involved; having to raise

10:44:01 14   yourself and your siblings; and most significantly, the sexual

10:44:05 15   abuse that you suffered as a child.

10:44:09 16          I've also taken into account the serious drug

10:44:12 17   addiction that you had, which is an unfortunate pattern that we

10:44:16 18   see here in the court system, which is someone, you know,

10:44:20 19   beginning with what I consider to be a gateway drug of marijuana

10:44:25 20   progressing up to more serious drugs and, in your case,

10:44:28 21   resulting in a very detrimental and significant addiction to

10:44:34 22   methamphetamines.  I've also taken into account the mental

10:44:42 23   health issues that you have and have had for some period of time

10:44:43 24   with depression and anxiety.

10:44:47 25          And then also the more difficult things to take into

10:44:49  1   account as to you, the individual defendant, are the fact that

10:44:51  2   you have no criminal history to speak of.  And as your attorney

10:44:56  3   argued, that, you know, you look at an individual -- look at

10:44:59  4   yourself up to April of 2019, you would see someone who had a

10:45:05  5   substance abuse problem that if you could get that straightened

10:45:11  6   out, you could be a productive, law-abiding member of the

10:45:14  7   society as you had been, but for the drug use, up to that point.

10:45:19  8          You certainly demonstrated through your certifications

10:45:21  9   and education that you had and your work experience and just

10:45:24 10   from the comments that you gave today that you're a very smart,

10:45:26 11   intelligent, and capable person, which makes it even more

10:45:32 12   difficult for me to understand what brings us here today.  And

10:45:37 13   so all of those things are things that I've certainly taken into

10:45:41 14   account in evaluating what an appropriate sentence would be, and

10:45:47 15   they cut in your favor.  They're mitigating, as we call them in

10:45:50 16   the law.

10:45:51 17          On the other side of the equation, though, is the

10:45:54 18   things that cut significantly against you, which are the nature

10:45:58 19   and circumstances of this offense.  As both the attorneys

10:46:02 20   argued -- and I'm just going to read from one of the Eleventh

10:46:06 21   Circuit cases that counsel cited, the *Sarras* case:  Child sex

10:46:12 22   crimes are among the most egregious and despicable of societal

10:46:17 23   and criminal offenses.  And I think that's a fair summary of

10:46:22 24   things, and that's just child sex crimes in general.

10:46:28 25          Your case involves a more troubling aspect, which is a

10:46:32  1    familial relationship.  You're a father of three daughters.  And

10:46:36  2    as a father of a daughter myself, I cannot comprehend that a

10:46:41  3    father would do that to any girl, much less one of your

10:46:45  4    daughters.  In fact, more often than not, we hear of fathers who

10:46:51  5    express what they would do to someone who did that to their

10:46:54  6    daughter.  And so for me to try to comprehend the

10:47:00  7    incomprehensible is really what is partially driving the

10:47:04  8    sentence here.

10:47:05  9        I mean, the offenses here were committed against your

10:47:08  10   daughter and quasi stepdaughter and a friend of those

10:47:14  11   individuals, the oldest of which was 11 years old.  Again, I

10:47:19  12   cannot comprehend what these poor young girls had to go through

10:47:25  13   and will continue to go through, and you touched on it in your

10:47:28  14   comments.

10:47:29  15       It would be bad enough if your conduct involved simply

10:47:36  16   photographing these children in states of undress or in scantily

10:47:46  17   clad bathing suits, but your conduct also involved physical

10:47:51  18   touching, which exacerbates the nature of this crime even more.

10:47:56  19   Certainly, you were only -- you haven't been charged in this

10:47:59  20   Court with that physical touching, but it's conduct that I can

10:48:02  21   consider in evaluating whether the production of child

10:48:05  22   pornography you did in this case is just run-of-the-mill

10:48:10  23   photographing or something more serious.  And certainly what

10:48:13  24   I've heard is it is far more serious than that.

10:48:19  25       If this was just a situation where a crime of

10:48:24 1    opportunity presented itself, it would be different.  This,

10:48:30 2    however, occurred over a month-long period and was coupled with

10:48:34 3    the fact that you had this type of imagery on your phone.  And

10:48:38 4    so while there's certainly nothing in your background to suggest

10:48:41 5    a proclivity for this, the fact that there were images both on

10:48:46 6    your phone that you engaged in sexual acts, the masturbation and

10:48:52 7    the touching while taking these photographs, strongly suggest

10:48:56 8    that there is some level of proclivity; and, thus, there is a

10:49:02 9    need to protect the public from this happening in the future,

10:49:04 10   even though we didn't see it happening in the past.

10:49:08 11       And so with all due respect to the doctor, Shuler,

10:49:18 12   where she says that -- even if I accept her premise that most

10:49:21 13   sexual offenders are not high risk for sexual offense, even if I

10:49:27 14   accept that premise and that you are a relatively low risk among

10:49:33 15   sexual offenders for reoffense, that relative risk doesn't give

10:49:40 16   me a great deal of comfort.

10:49:43 17       And the way I look at this is, you know, take a

10:49:45 18   situation where you have someone who has got a very high

10:49:51 19   likelihood of reoffending, say 50 percent, but the crime that

10:49:55 20   they are likely to reoffend only causes societal damage of 100

10:50:03 21   injury points.  You take then, on the other hand, someone who

10:50:06 22   has a relatively low risk of reoffending, perhaps 1 percent, but

10:50:12 23   the crime that they're likely to reoffend on has a high,

10:50:15 24   extremely high societal impact of 10,000.  That low risk of

10:50:22 25   committing a more significant crime is a more significant -- in

10:50:29  1    more significant need for public protection than the high risk

10:50:34  2    of committing a low serious crime.

10:50:37  3            Here, as I said, the child sex crimes that you've been

10:50:42  4    convicted of and that the doctor says you're a low -- relatively

10:50:45  5    low risk of reoffending are the highest of potential injury to

10:50:50  6    society.  And so even a relatively low risk is one that I need

10:50:56  7    to take into account in protecting the public from these things

10:51:00  8    happening again to some other children.

10:51:03  9            So that being said, what's driving my sentence in this

10:51:09  10   case is the seriousness of the offense, which are at the

10:51:14  11   pinnacle of offenses, as well as the need to protect the public

10:51:19  12   from future offenses, and to punish you for these offenses.  And

10:51:25  13   so what I find to be a sufficient but no greater than necessary

10:51:29  14   sentence in this case is as follows:

10:51:34  15           For Count One, which is the offense related to the

10:51:37  16   six-year-old, N.R., I find a 30-year sentence to be sufficient.

10:51:43  17           As to Count Two, which is the offense related to

10:51:46  18   11-year-old A.H., I find a 30-year sentence to be sufficient and

10:51:52  19   no greater than necessary.

10:51:53  20           Count Three, I also find -- and that's an offense

10:51:57  21   related to N.R. -- a 30-year sentence to be sufficient and no

10:52:01  22   greater than necessary.

10:52:03  23           Count Four, which is the offense related to 8-year-old

10:52:07  24   K.H., I find a 30-year sentence to be sufficient and no greater

10:52:10  25   than necessary.

|          |    |                                                                      |
|----------|----|----------------------------------------------------------------------|
| 10:52:11 | 1  | And as to Count Five, which is the possession of child               |
| 10:52:15 | 2  | pornography, I find a ten-year sentence to be sufficient but no       |
| 10:52:21 | 3  | greater than necessary.                                              |
| 10:52:23 | 4  | Counts One, Two, Four, and Five are to be served                     |
| 10:52:30 | 5  | consecutively; and Count Three is to be served concurrently.         |
| 10:52:36 | 6  | Once your sentence is complete, your prison sentence                 |
| 10:52:40 | 7  | is complete, you'll be subject to a term of supervised release        |
| 10:52:44 | 8  | for the remainder of -- not for the remainder of life, excuse         |
| 10:52:48 | 9  | me, for a ten-year period, on all counts, concurrently.  The          |
| 10:52:52 | 10 | terms of your supervised release will be the terms that are set       |
| 10:52:55 | 11 | forth in the standard Northern District of Florida conditions         |
| 10:53:04 | 12 | which will be explained to you upon your release, as well as          |
| 10:53:07 | 13 | those set forth in paragraphs 153 to 157 of the presentence          |
| 10:53:11 | 14 | report which include things related to sexual offender                |
| 10:53:15 | 15 | conditions, drug testing conditions, mental health conditions,        |
| 10:53:22 | 16 | search and financial conditions.  So all of those you'll be           |
| 10:53:24 | 17 | subject to.                                                          |
| 10:53:26 | 18 | I'm going to impose, as I'm required to, a                           |
| 10:53:29 | 19 | hundred-dollar special assessment on each count which will be         |
| 10:53:32 | 20 | due immediately.  No restitution has been requested and none          |
| 10:53:36 | 21 | will be awarded.  However, under the Amy, Vicky, Andy Act, I am        |
| 10:53:44 | 22 | going to impose a thousand-dollar assessment, which will also be      |
| 10:53:50 | 23 | due immediately, and that will be across the counts together.         |
| 10:53:56 | 24 | And that will also be due immediately, and there will be              |
| 10:53:59 | 25 | opportunities for you to pay that off while you're in prison.         |

10:54:06  1          Ms. Laird, have I covered everything?

10:54:08  2          PROBATION OFFICER:  Yes, Your Honor.  And just so I

10:54:10  3  understand, the thousand dollars for the Amy, Vicky, Andy Act

10:54:14  4  assessment, is that a thousand dollars per count?

10:54:16  5          THE COURT:  That's a thousand dollars cumulatively.

10:54:19  6          PROBATION OFFICER:  Okay.  There has to be an amount

10:54:21  7  ordered for each count, so do you want me to just divide that

10:54:24  8  up?

10:54:25  9          THE COURT:  I would, consistent with the questions I

10:54:28  10  asked Ms. Spaven, I would impose a hundred dollars of that as to

10:54:36  11  Counts -- each as to Counts One through Four and the balance as

10:54:39  12  to Count Five --

10:54:41  13          PROBATION OFFICER:  Okay.

10:54:42  14          THE COURT:  -- which, as I understand the purpose of

10:54:43  15  the act, Count Five is the one that really is where that money

10:54:48  16  was intended to be derived from, and so that would be the

10:54:52  17  calculus I would do there.

10:54:55  18          PROBATION OFFICER:  One other thing that I'm not sure

10:54:57  19  if -- you may still be planning to cover it, but a

10:55:00  20  recommendation for RDAP, given his drug history.  Would the

10:55:04  21  Court be inclined to recommend at that?

10:55:07  22          THE COURT:  I think that would make sense.

10:55:09  23          Mr. Herrera, the Residential Drug Assistance Program

10:55:11  24  is something the federal prison system offers, and it is an

10:55:17  25  opportunity to get a head start on the substance abuse treatment

10:55:20  1    that you clearly need.  And the hope would be that you'll be

10:55:24  2    able to accomplish that while you're in prison; and it will,

10:55:27  3    like I side, give you a head start on getting through that

10:55:32  4    issue, which is one that you've had for a long time and

10:55:35  5    hopefully can get through.  And certainly any other mental

10:55:38  6    health treatments that are available to you in the prison

10:55:41  7    system, I certainly hope you take advantage of them and start

10:55:44  8    working on these issues, but they will also be conditions of

10:55:47  9    your supervised release.

10:55:49  10             Ms. Spaven, anything I have not covered?

10:55:52  11             MS. SPAVEN:  Your Honor, just reiterating the

10:55:53  12   forfeiture provision that Your Honor had already signed the

10:55:57  13   order, that any assets that were identified would be forfeited.

10:56:00  14             THE COURT:  Okay.  I will make the preliminary order

10:56:03  15   of forfeiture final --

10:56:05  16             MS. SPAVEN:  Thank you, sir.

10:56:05  17             THE COURT:  -- with the judgment here.

10:56:08  18             All right.  Mr. Halstrom, anything I haven't covered?

10:56:11  19             MR. HALSTROM:  Well, in addition to RDAP, the sexual

10:56:13  20   abuse treatment should be recommended also --

10:56:17  21             THE COURT:  Okay.

10:56:17  22             MR. JOHNSON:  -- and he be given an option to go to a

10:56:20  23   BOP where all that can be achieved.

10:56:22  24             THE COURT:  All right.  I concur, and Ms. Layer will

10:56:27  25   incorporate that in the draft judgment as well.  And I would

10:56:32  1    believe that the higher priority would be to be in a facility

10:56:36  2    that provides those services rather than a facility at a

10:56:41  3    particular location; but if we could accommodate both, where

10:56:43  4    would he prefer to be near?

10:56:47  5                MR. HALSTROM:  I think, Your Honor, is correct.

10:56:50  6    Wherever those can best be achieved.  We've talked about

10:56:57  7    Marianna and close to that.  I would recommend not close to the

10:57:01  8    home area at this time.  And I've talked to him about that.  So

10:57:07  9    in the southeast somewhere.

10:57:09  10               THE COURT:  Okay.  All right.

10:57:11  11               Well, Mr. Herrera, I will -- I think the priority,

10:57:13  12   from my perspective, is that you are at a facility that's able

10:57:19  13   to get you the services that you most need rather than in a

10:57:22  14   facility that's close to a particular area.  And certainly, you

10:57:28  15   know, we don't want to take you too far away from whatever

10:57:33  16   family you have in the area, but my priority is to get you the

10:57:36  17   services.  There will be opportunities to, I assume -- are there

10:57:40  18   opportunities to move around in the system once you get in

10:57:42  19   there?

10:57:44  20               MS. SPAVEN:  Potentially, Your Honor.  I think that

10:57:44  21   this particular defendant may have a more limited ability to do

10:57:48  22   that based on the facilities that would be accessible to him,

10:57:53  23   but there is opportunity for particular defendants.

10:57:55  24               THE COURT:  Okay.  All right.  Well, if we can keep

10:57:57  25   you in the southeast, we will try to do that.

10:58:00  1          All right.  Anything else, Mr. Halstrom?

10:58:02  2          MR. HALSTROM:  No, Your Honor.

10:58:02  3          THE COURT:  All right.  Mr. Herrera, I'm not asking

10:58:05  4   you to agree with the sentence, but do you understand it?

10:58:09  5          THE DEFENDANT:  Yes, Your Honor.

10:58:09  6          THE COURT:  Any questions about it?

10:58:10  7          THE DEFENDANT:  (Shaking head.)

10:58:12  8          THE COURT:  All right.  The last thing I need to

10:58:13  9   advise you about is your right to appeal.  Even though you have

10:58:19 10   entered a plea in this case admitting your guilt, you do still

10:58:22 11   have the right to appeal the sentence that I've imposed.  If you

10:58:25 12   want to do that, have a conversation with Mr. Halstrom today,

10:58:30 13   and he can be prepared to get the paperwork started on that

10:58:33 14   because you'd have the right to an attorney appointed for you if

10:58:36 15   you could not afford one.

10:58:40 16          Additionally on that point, just to be clear, no fine

10:58:45 17   is being imposed in this case because I find that he does not

10:58:50 18   have the ability to pay a fine.

10:58:52 19          Anyway, getting back to the appeal.  Have that

10:58:54 20   conversation with Mr. Halstrom if that's something you want to

10:58:56 21   pursue.  If, for whatever reason, you have a conversation with

10:59:00 22   Mr. Halstrom today and you say you don't want to appeal but you

10:59:03 23   change your mind and you can't get back in touch with

10:59:07 24   Mr. Halstrom, you can get in touch with the Clerk of Court's

10:59:10 25   office, and they can get the paperwork started for you.

10:59:13  1          The important thing for you to know and understand is

10:59:15  2   that there's a short 14-day window within which any appeal would

10:59:20  3   need to be filed.  Technically, that window doesn't open until I

10:59:24  4   sign the written judgment, and that takes a few days,

10:59:29  5   particularly here around the holidays.  For your purposes, I

10:59:32  6   think it's safest if you start counting 14 days from today.  And

10:59:37  7   if you haven't made a decision by then, that window may have

10:59:40  8   closed, you might need to assume that it has closed.  But so 14

10:59:45  9   days is your appeal period if you want to pursue that.  I know I

10:59:48  10  talked a lot there, but do you understand what I'm saying?

10:59:51  11          THE DEFENDANT:  I do, Your Honor.

10:59:52  12          THE COURT:  Okay.  All right.  Anything else we need

10:59:54  13  to do here?

10:59:55  14          MS. SPAVEN:  Nothing from the Government, Your Honor.

10:59:57  15          MR. HALSTROM:  Your Honor, I know it's not within your

11:00:00  16  discretion, but his mother is here, and she would like to at

11:00:03  17  least be able to address him.  I know that's up to the U.S.

11:00:07  18  Marshals but she wanted me to bring that up.

11:00:09  19          THE COURT:  All right.  I will leave that within the

11:00:11  20  discretion of the marshals if they can accommodate it in a way

11:00:14  21  that is safe.  I have no objection to it, but that's their

11:00:19  22  bailiwick.  So he is remanded to their custody at this point.

11:00:22  23          MR. HALSTROM:  Thank you, Your Honor.

11:00:23  24          THE COURT:  All right.  Well, we'll be in recess until

11:00:25  25  our next case.

*11:00:28*  1          *(Proceedings adjourned at 11:00 a.m.)*

2                        * * * * * * * *

3          I hereby certify that the foregoing is a true and correct
transcript of the stenographically reported proceedings held in
4   the above-entitled matter, pursuant to the provisions of Section
753, Title 28, United States Code.

5

6                                              2/25/21

7   _____       _____
Julie A. Wycoff, RMR, CRR          Date
Official U.S. Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Plea Transcript

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**


UNITED STATES OF AMERICA,    )
                              )
        Plaintiff,         )
                              )
                              )    Case No.: 5:19cr68/TKW
                              )
vs.                       )    Pensacola, Florida
                              )    September 3, 2020
                              )    11:14 a.m.
                              )
JOAQUIN HERRERA,         )
                              )
        Defendant.       )
_____)


TRANSCRIPT OF **PLEA** PROCEEDINGS
BEFORE THE HONORABLE MICHAEL J. FRANK
UNITED STATES MAGISTRATE JUDGE
(Pages 1-39)


FOR THE GOVERNMENT:      Jason R. Coody
                           Acting United States Attorney
                           By: **MICHELLE K. SPAVEN**
                              Assistant U.S. Attorney
                              *michelle.spaven@usdoj.gov*
                           111 N Adams Street, 4th Floor
                           Tallahassee, Florida  32301


FOR THE DEFENDANT:        Randolph Murrell
                           Federal Public Defender
                           by: **TIMOTHY C. HALSTROM**
                              Assistant Public Defender
                              *tim_halstrom@fd.org*
                           3 West Garden Street, Suite 200
                           Pensacola, Florida  32502

2

|        |    |                                                                     |
|--------|----|---------------------------------------------------------------------|
|        | 1  | PROCEEDINGS                                                         |
| 11:07:43 | 2  | *(Court called to order; Defendant present with counsel.)*        |
| 11:07:43 | 3  | **THE COURT:**  Good morning.  Please be seated.                   |
| 11:14:15 | 4  | We're here in the case of the United States vs.                    |
| 11:14:19 | 5  | Herrera, Case No. 5:19cr68-TKW.                                     |
| 11:14:26 | 6  | Would counsel please note their appearance for the                 |
| 11:14:27 | 7  | record?                                                             |
| 11:14:31 | 8  | **MR. HALSTROM:**  Tim Halstrom for Defendant Herrera.             |
| 11:14:31 | 9  | **THE COURT:**  Good morning, Mr. Halstrom, and good              |
| 11:14:31 | 10 | morning, Mr. Herrera.                                               |
| 11:14:35 | 11 | **THE DEFENDANT:**  Good morning, Your Honor.                     |
| 11:14:35 | 12 | **MS. SPAVEN:**  Good morning, Your Honor.  Michelle              |
| 11:14:36 | 13 | Spaven on behalf of the United States.                             |
| 11:14:38 | 14 | **THE COURT:**  Good morning, Ms. Spaven.                         |
| 11:14:38 | 15 | Mr. Herrera, it's my understanding that we're here                 |
| 11:14:43 | 16 | today because you want to plead guilty; is that correct?           |
| 11:14:43 | 17 | **THE DEFENDANT:**  Correct, Your Honor.                          |
| 11:14:43 | 18 | **THE COURT:**  And I'll ask that you stand so that the          |
| 11:14:56 | 19 | courtroom deputy clerk can administer an oath to you.              |
| 11:14:56 | 20 | *(Defendant sworn.)*                                               |
| 11:14:59 | 21 | Mr. Herrera, now that you're under oath, it's                      |
| 11:15:01 | 22 | particularly important for you to answer all of the Court's        |
| 11:15:04 | 23 | questions truthfully.  If you didn't answer a question             |
| 11:15:06 | 24 | truthfully, you could be charged with additional federal           |
| 11:15:09 | 25 | crimes, including perjury, obstruction of justice, or making       |

| | | |
|---|---|---|
| 11:15:13 | 1 | false statements, all of which are felonies, are serious crimes |
| 11:15:16 | 2 | under the criminal system.  Do you understand that? |
| 11:15:24 | 3 | **THE DEFENDANT:**  I do, Your Honor. |
| 11:15:25 | 4 | **THE COURT:**  I can't hear you. |
| 11:15:26 | 5 | **THE DEFENDANT:**  I do, Your Honor. |
| 11:15:27 | 6 | **THE COURT:**  So, if I ask you something and you can't |
| 11:15:29 | 7 | understand me or you don't hear me, please let me know, and I'm |
| 11:15:33 | 8 | happy to repeat a question.  Do you understand that? |
| 11:15:35 | 9 | **THE DEFENDANT:**  I understand, Your Honor. |
| 11:15:35 | 10 | **THE COURT:**  Now, you have the benefit of having a very |
| 11:15:39 | 11 | experienced defense counsel sitting next to you.  So, if at any |
| 11:15:43 | 12 | point in time during these proceedings, if you'd like to take a |
| 11:15:45 | 13 | break and discuss something with your attorney, you're welcome |
| 11:15:48 | 14 | to do so; that's perfectly acceptable.  All you need to do is |
| 11:15:51 | 15 | let me know, and I'll be happy to take a break, I'll leave the |
| 11:15:54 | 16 | bench and give you as much time as you need.  Do you understand |
| 11:15:57 | 17 | that? |
| 11:15:57 | 18 | **THE DEFENDANT:**  I understand, Your Honor. |
| 11:15:58 | 19 | **THE COURT:**  Now, to ensure that we can proceed today, |
| 11:15:59 | 20 | I need to ask you some background questions.  Nothing I ask you |
| 11:16:03 | 21 | is meant to embarrass you at all.  I just have to have the |
| 11:16:06 | 22 | answers to these questions before we can proceed. |
| 11:16:08 | 23 | Could you please tell us your full name? |
| 11:16:14 | 24 | **THE DEFENDANT:**  Joaquin Gabriel Herrera. |
| 11:16:18 | 25 | **THE COURT:**  I'm sorry, what's your middle name? |

| | | |
|---|---|---|
| 11:16:18 | 1 | **THE DEFENDANT:** Gabriel. |
| 11:16:19 | 2 | **THE COURT:** And do you spell with that e-l or a-l on |
| 11:16:22 | 3 | the end? |
| 11:16:24 | 4 | **THE DEFENDANT:** E-l. |
| 11:16:24 | 5 | **THE COURT:** And how old are you? |
| 11:16:26 | 6 | **THE DEFENDANT:** 31. |
| 11:16:26 | 7 | **THE COURT:** And what's your date of birth? |
| 11:16:28 | 8 | **THE DEFENDANT:** ██ ██, '89. |
| 11:16:30 | 9 | **THE COURT:** And where were you born? |
| 11:16:34 | 10 | **THE DEFENDANT:** New York City. |
| 11:16:35 | 11 | **THE COURT:** And are you a United States citizen? |
| 11:16:37 | 12 | **THE DEFENDANT:** Correct. |
| 11:16:37 | 13 | **THE COURT:** Can you read and write in the English |
| 11:16:40 | 14 | language? |
| 11:16:41 | 15 | **THE DEFENDANT:** Yes, Your Honor. |
| 11:16:41 | 16 | **THE COURT:** What's the highest level of education that |
| 11:16:44 | 17 | you completed? |
| 11:16:45 | 18 | **THE DEFENDANT:** Some college. |
| 11:16:46 | 19 | **THE COURT:** And where did you attend college? |
| 11:16:48 | 20 | **THE DEFENDANT:** Puerto Rico. |
| 11:16:49 | 21 | **THE COURT:** And what was the school? |
| 11:16:52 | 22 | **THE DEFENDANT:** Medical University of Turabo, |
| 11:17:01 | 23 | university for medical students, Turabo University. |
| 11:17:12 | 24 | **THE COURT:** How do you spell that? |
| 11:17:12 | 25 | **THE DEFENDANT:** T-u-r-a-b-o. |

| | | |
|---|---|---|
| 11:17:13 | 1 | **THE COURT:**  And how long did you attend school there? |
| 11:17:16 | 2 | **THE DEFENDANT:**  Two years. |
| 11:17:17 | 3 | **THE COURT:**  I'm sorry, that was two years? |
| 11:17:20 | 4 | **THE DEFENDANT:**  Two years. |
| 11:17:21 | 5 | **THE COURT:**  And in what town or city did you live |
| 11:17:23 | 6 | prior to being arrested? |
| 11:17:26 | 7 | **THE DEFENDANT:**  Panama City Beach, Florida. |
| 11:17:28 | 8 | **THE COURT:**  And when were you last employed? |
| 11:17:37 | 9 | **THE DEFENDANT:**  May 2019.  Where? |
| 11:17:40 | 10 | **THE COURT:**  May of 2019 or 2020? |
| 11:17:44 | 11 | **THE DEFENDANT:**  2019. |
| 11:17:44 | 12 | **THE COURT:**  And are you married or single? |
| 11:17:46 | 13 | **THE DEFENDANT:**  Single. |
| 11:17:49 | 14 | **THE COURT:**  Do you have any children? |
| 11:17:51 | 15 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:17:51 | 16 | **THE COURT:**  How many children? |
| 11:17:53 | 17 | **THE DEFENDANT:**  Three. |
| 11:17:54 | 18 | **THE COURT:**  Have you ever been diagnosed as suffering |
| 11:17:56 | 19 | from a mental illness? |
| 11:17:59 | 20 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:18:00 | 21 | **THE COURT:**  And what mental illness were you diagnosed |
| 11:18:03 | 22 | with suffering from? |
| 11:18:06 | 23 | **THE DEFENDANT:**  Bipolar, depression, anxiety. |
| 11:18:10 | 24 | **THE COURT:**  And do you believe that you currently |
| 11:18:19 | 25 | suffer from these mental illnesses? |

| | | |
|---|---|---|
| 11:18:22 | 1 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:18:23 | 2 | **THE COURT:**  And despite these mental illnesses, are |
| 11:18:27 | 3 | you able to understand what's happening in court today? |
| 11:18:29 | 4 | **THE DEFENDANT:**  I do, Your Honor. |
| 11:18:30 | 5 | **THE COURT:**  And why are you here in court today? |
| 11:18:35 | 6 | **THE DEFENDANT:**  Why? |
| 11:18:35 | 7 | **THE COURT:**  Yes.  What's the purpose of these |
| 11:18:37 | 8 | proceedings today? |
| 11:18:39 | 9 | **THE DEFENDANT:**  To change my plea. |
| 11:18:40 | 10 | **THE COURT:**  You want to plead guilty? |
| 11:18:42 | 11 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:18:42 | 12 | **THE COURT:**  And despite any mental illnesses that you |
| 11:18:46 | 13 | may have, are you able to make important decisions about your |
| 11:18:49 | 14 | life today? |
| 11:18:50 | 15 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:18:51 | 16 | **THE COURT:**  And despite any mental illnesses that you |
| 11:18:54 | 17 | may have, are you able to speak truthfully today? |
| 11:18:57 | 18 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:18:57 | 19 | **THE COURT:**  And despite any mental illnesses you may |
| 11:19:01 | 20 | have, are you able to decipher between fantasy and reality? |
| 11:19:10 | 21 | **THE DEFENDANT:**  I do, Your Honor. |
| 11:19:11 | 22 | **THE COURT:**  And despite any mental illnesses you may |
| 11:19:14 | 23 | have, do you still want to continue to plead guilty today? |
| 11:19:16 | 24 | **THE DEFENDANT:**  Correct, Your Honor. |
| 11:19:17 | 25 | **THE COURT:**  Have you ever been treated for a drug |

| | | |
|---|---|---|
| 11:19:19 | 1 | addiction? |
| 11:19:19 | 2 | **THE DEFENDANT:**  No, Your Honor. |
| 11:19:20 | 3 | **THE COURT:**  Have you ever been treated for alcoholism? |
| 11:19:23 | 4 | **THE DEFENDANT:**  No. |
| 11:19:23 | 5 | **THE COURT:**  Are you currently under the influence of |
| 11:19:26 | 6 | an alcoholic beverage, any narcotic medication, drug, legal or |
| 11:19:30 | 7 | illegal substance? |
| 11:19:31 | 8 | **THE DEFENDANT:**  No, Your Honor. |
| 11:19:32 | 9 | **THE COURT:**  Have you consumed an alcoholic beverages |
| 11:19:34 | 10 | in the past 24 hours? |
| 11:19:36 | 11 | **THE DEFENDANT:**  No, Your Honor. |
| 11:19:36 | 12 | **THE COURT:**  Have you taken any medication or drug |
| 11:19:38 | 13 | within the past 24 hours? |
| 11:19:40 | 14 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:19:40 | 15 | **THE COURT:**  What drug or medication have you taken? |
| 11:19:43 | 16 | **THE DEFENDANT:**  Medication for depression. |
| 11:19:44 | 17 | **THE COURT:**  And what medication is that? |
| 11:19:46 | 18 | **THE DEFENDANT:**  Effexor. |
| 11:19:47 | 19 | **THE COURT:**  Could you spell that for us? |
| 11:19:49 | 20 | **THE DEFENDANT:**  E-f-f-x-o-r *[sic]*, I believe. |
| 11:19:56 | 21 | **THE COURT:**  And when did you last take a dose of that? |
| 11:20:00 | 22 | **THE DEFENDANT:**  This morning. |
| 11:20:01 | 23 | **THE COURT:**  Approximately what time? |
| 11:20:05 | 24 | **THE DEFENDANT:**  About seven o'clock, Your Honor. |
| 11:20:07 | 25 | **THE COURT:**  And do you know the dosage? |

8

| | | |
|---|---|---|
| 11:20:08 | 1 | **THE DEFENDANT:** 75 milligrams. |
| 11:20:13 | 2 | **THE COURT:** And how long have you been taking that? |
| 11:20:16 | 3 | **THE DEFENDANT:** For about a year. |
| 11:20:17 | 4 | **THE COURT:** And are you feeling okay? |
| 11:20:19 | 5 | **THE DEFENDANT:** It don't have any side symptoms, but I |
| 11:20:21 | 6 | feel okay. |
| 11:20:21 | 7 | **THE COURT:** And despite taking that medication, are |
| 11:20:23 | 8 | you able to understand what's happening in court today? |
| 11:20:26 | 9 | **THE DEFENDANT:** Yes, Your Honor. |
| 11:20:26 | 10 | **THE COURT:** And despite having taken that medication, |
| 11:20:29 | 11 | do you feel you're able to make important decisions in your |
| 11:20:32 | 12 | life today? |
| 11:20:33 | 13 | **THE DEFENDANT:** Yes, Your Honor. |
| 11:20:33 | 14 | **THE COURT:** And you understand what's going on today? |
| 11:20:34 | 15 | **THE DEFENDANT:** Yes, Your Honor. |
| 11:20:35 | 16 | **THE COURT:** And does that medication affect your |
| 11:20:36 | 17 | ability to speak truthfully? |
| 11:20:40 | 18 | **THE DEFENDANT:** No, Your Honor. |
| 11:20:41 | 19 | **THE COURT:** And, Mr. Halstrom, do you believe that Mr. |
| 11:20:47 | 20 | Herrera is competent to plead guilty today? |
| 11:20:49 | 21 | **MR. HALSTROM:** Yes, Your Honor, I do. |
| 11:20:50 | 22 | **THE COURT:** And have you gone over with him the rights |
| 11:20:52 | 23 | that he enjoys and those that he'll be giving up if he pleads |
| 11:20:57 | 24 | guilty today? |
| 11:20:58 | 25 | **MR. HALSTROM:** Yes, sir, we have. |

| | | |
|---|---|---|
| 11:20:59 | 1 | **THE COURT:** Now, because your attorney has gone over |
| 11:21:01 | 2 | the rights that you enjoy, I don't feel the need to go over all |
| 11:21:03 | 3 | of them, but I do have an obligation to go over some of them |
| 11:21:03 | 4 | just to make sure that your guilty plea is knowing and |
| 11:21:06 | 5 | voluntary. |
| 11:21:08 | 6 | First, I need to let you know you do not have to plead |
| 11:21:12 | 7 | guilty today. There's no requirement that you plead guilty. |
| 11:21:14 | 8 | In fact, you have a right to persist in your not guilty plea |
| 11:21:16 | 9 | and go to trial. |
| 11:21:17 | 10 | Do you understand that right? |
| 11:21:18 | 11 | **THE DEFENDANT:** Yes, Your Honor. |
| 11:21:19 | 12 | **THE COURT:** And with respect to a trial, you have a |
| 11:21:22 | 13 | right to a jury trial, meaning, if you wanted to go to trial, |
| 11:21:26 | 14 | you'd have a right to be tried by 12 United States citizens who |
| 11:21:30 | 15 | would be impartial, meaning they would no nothing about your |
| 11:21:33 | 16 | case, they wouldn't know you, they wouldn't know the prosecutor |
| 11:21:35 | 17 | or the government, and they would base their verdict or |
| 11:21:39 | 18 | decision based solely on the evidence that they saw and heard |
| 11:21:41 | 19 | at trial. Do you understand that right? |
| 11:21:43 | 20 | **THE DEFENDANT:** I do, Your Honor. |
| 11:21:44 | 21 | **THE COURT:** You also have the right to be represented |
| 11:21:46 | 22 | by counsel at trial and at every other stage of these |
| 11:21:50 | 23 | proceedings. If you couldn't afford an attorney, this Court |
| 11:21:53 | 24 | would appoint one to represent you free of charge. Do you |
| 11:21:56 | 25 | understand that right? |

| | | |
|---|---|---|
| 11:21:57 | 1 | **THE DEFENDANT:**  I do. |
| 11:21:58 | 2 | **THE COURT:**  At trial you'd have the right to confront |
| 11:22:02 | 3 | and cross-examine any adverse witnesses; that means you have a |
| 11:22:05 | 4 | right to see, hear, and cross-examine any witnesses that would |
| 11:22:08 | 5 | testify against you.  And at trial the government would have to |
| 11:22:11 | 6 | present its case and evidence in open court.  There would be no |
| 11:22:17 | 7 | secret evidence in this case.  Every witness would have to |
| 11:22:18 | 8 | testify in your presence. |
| 11:22:19 | 9 | Do you understand those rights? |
| 11:22:21 | 10 | **THE DEFENDANT:**  I do understand, Your Honor. |
| 11:22:22 | 11 | **THE COURT:**  You also have the right to be protected |
| 11:22:24 | 12 | from compelled self-incrimination.  So, if you had a trial, |
| 11:22:28 | 13 | nobody could force you to testify.  Your attorney couldn't |
| 11:22:30 | 14 | force you, the government couldn't, and the Court wouldn't |
| 11:22:34 | 15 | force you to testify. |
| 11:22:35 | 16 | On the other hand, if you wanted to testify, nobody |
| 11:22:38 | 17 | could stop you from testifying.  You'd have an absolute right |
| 11:22:41 | 18 | to testify and tell your side of the story in the case.  Do you |
| 11:22:44 | 19 | understand those rights? |
| 11:22:45 | 20 | **THE DEFENDANT:**  I do understand, Your Honor. |
| 11:22:46 | 21 | **THE COURT:**  Now, in addition to your own testimony, |
| 11:22:48 | 22 | you'd have the right to present other evidence at trial.  So |
| 11:22:51 | 23 | you could, for example, submit documents, photographs, video |
| 11:22:55 | 24 | evidence, audio recordings, or have other witnesses come in and |
| 11:22:59 | 25 | testify. |

11:22:59    1    And with respect to other witnesses, you would have

11:23:01    2    the right to compel those witnesses to come in and testify on

11:23:04    3    your behalf.  So, if a witness refused and said, no, I'm not

11:23:07    4    going to testify on Mr. Herrera's behalf, the Court would

11:23:11    5    compel that witness to come in and testify on your behalf.

11:23:14    6        Do you understand those rights?

11:23:15    7        **THE DEFENDANT:**  I do understand, Your Honor.

11:23:16    8        **THE COURT:**  You also, of course, have the right to a

11:23:19    9    speedy and public trial, meaning that, as I said, there would

11:23:22    10   be no secret evidence in this case.  If you had family members

11:23:26    11   or friends who wanted to come in and see the trial, they could

11:23:29    12   do so because it would be open to any member of the public.

11:23:33    13       And with respect to the speed of the trial, it would

11:23:35    14   occur somewhat soon.  You would not be waiting in jail much

11:23:38    15   longer.  My guess is your trial would be within the next month

11:23:42    16   or so.

11:23:42    17       I also need to let you know that, at trial, your

11:23:46    18   innocence would be presumed, and there would be no burden on

11:23:48    19   you to establish your innocence.  You would come in with a

11:23:52    20   clean slate, and the government would have the burden of

11:23:54    21   establishing your guilt beyond a reasonable doubt, which is a

11:23:56    22   fairly high standard.  There would be no burden on you.

11:24:00    23       In short, you would have the right to persist in a not

11:24:05    24   guilty plea.  You don't have to plead guilty today.

11:24:07    25       Do you understand all of these rights?

11:24:08    1         **THE DEFENDANT:**  I do understand, Your Honor.

11:24:09    2         **THE COURT:**  Is there anything that you would like your

11:24:11    3    attorney or me to explain to you about these rights?

11:24:13    4         **THE DEFENDANT:**  No, Your Honor.

11:24:14    5         **THE COURT:**  If you plead guilty today, you'll be

11:24:16    6    giving up these rights that I've explained to you, other than

11:24:19    7    your right to an attorney, which you'll always retain.

11:24:22    8         Do you understand that?

11:24:23    9         **THE DEFENDANT:**  I do, Your Honor.

11:24:24   10         **THE COURT:**  If you plead guilty today, you'll also be

11:24:27   11    giving up any defenses that you may have in this case.  Do you

11:24:29   12    understand that?

11:24:30   13         **THE DEFENDANT:**  I do, Your Honor.

11:24:30   14         **THE COURT:**  If you plead guilty, there will be no

11:24:34   15    trial in this case, and you will be adjudged guilty of the

11:24:36   16    crimes charged without a trial.  Do you understand that?

11:24:38   17         **THE DEFENDANT:**  I understand, Your Honor.

11:24:38   18         **THE COURT:**  If you elect to plead guilty today, that

11:24:40   19    decision would be final, and you would not be permitted to

11:24:42   20    later withdraw your guilty plea.  Do you understand that?

11:24:45   21         **THE DEFENDANT:**  I understand, Your Honor.

11:24:45   22         **THE COURT:**  If you proceeded to trial and were

11:24:47   23    convicted, you would have the right to appeal your conviction

11:24:49   24    to the United States Court of Appeals.  If you plead guilty

11:24:52   25    today, however, you will be barred from appealing your

11:24:55  1  conviction for anything other than a jurisdictional defect.  Do

11:24:58  2  you understand that?

11:24:59  3          **THE DEFENDANT:**  I do, Your Honor.

11:25:00  4          **THE COURT:**  Now, I want to talk to you about the

11:25:01  5  charges pending in your case.  You are charged in a document

11:25:04  6  called an Indictment.  Have you received a copy of the

11:25:07  7  Indictment?

11:25:08  8          **THE DEFENDANT:**  I did, Your Honor.

11:25:09  9          **THE COURT:**  And have you carefully read that

11:25:11  10  Indictment at least several times?

11:25:12  11          **THE DEFENDANT:**  Yes, Your Honor.

11:25:13  12          **THE COURT:**  And did you have an opportunity to discuss

11:25:15  13  that Indictment with your attorney?

11:25:17  14          **THE DEFENDANT:**  Yes, Your Honor.

11:25:17  15          **THE COURT:**  Now, the Indictment charges you with five

11:25:21  16  crimes.  Counts One, Two, Three, and Four charge you with

11:25:27  17  knowingly using a minor to engage in sexually explicit conduct

11:25:31  18  for purposes of producing a visual depiction of such conduct,

11:25:35  19  also commonly known as production of child pornography, in

11:25:38  20  violation of Title 18 of the United States Code, § 2251(a) and

11:25:47  21  (e).

11:25:48  22          Count Five charges you with possession of child

11:25:50  23  pornography that involved a prepubescent minor and a minor who

11:25:53  24  had not attained the age of 12 years, in violation of Title 18,

11:25:59  25  United States Code, § 2252A(a)(5)(B) and (b)(2).

1             Do you understand the charges that are pending against

2   you?

3             **THE DEFENDANT:**  Yes, Your Honor.

4             **THE COURT:**  Now, Counts One, Two, Three, and Four,

5   knowingly using a minor to engage in sexually explicit conduct

6   for purposes of producing a visual depiction of such conduct

7   carry a mandatory minimum term of 15 years of imprisonment for

8   each count, a maximum term of 30 years of imprisonment for each

9   count, a maximum fine of $250,000 for each count, a mandatory

10  $100 special assessment for each count, and for each count

11  there's a mandatory monetary assessment which may not exceed

12  $50,000.  Each count carries a mandatory minimum term of five

13  years of supervised release and a maximum term of supervised

14  release for life as to each count.  There's restitution due to

15  the victims for each of these offenses and forfeiture of any

16  devices or property used to produce any child pornography.

17            As to Count Five, possession of child pornography that

18  involved a prepubescent minor and a minor who had not attained

19  the age of 12 years, this offense carries a maximum term of 20

20  years of imprisonment, a maximum fine of $250,000, a mandatory

21  $100 special assessment, a mandatory monetary assessment which

22  may not exceed $17,000, a mandatory minimum term of five years

23  of supervised release and a maximum term of supervised release

24  for life, restitution to the victims of the offense, and

25  forfeiture of any devices or property which contain child

| | | |
|---|---|---|
| 11:27:34 | 1 | pornography. |
| 11:27:34 | 2 | Now, Ms. Spaven, with respect to the restitution, the |
| 11:27:37 | 3 | Defendant has agreed to pay each victim at least $3,000; is |
| 11:27:41 | 4 | that correct? |
| 11:27:42 | 5 | **MS. SPAVEN:**  Your Honor, yes, according to the terms |
| 11:27:46 | 6 | of the plea agreement.  And the statutory provisions under |
| 11:27:49 | 7 | that, I believe it's the, Amy, Vickie, and Andy Restitution |
| 11:27:55 | 8 | Act, which is incorporated within the terms of the plea |
| 11:27:58 | 9 | agreement. |
| 11:27:58 | 10 | **THE COURT:**  Okay.  Thank you. |
| 11:27:59 | 11 | And, Mr. Halstrom, have I correctly stated the |
| 11:28:02 | 12 | penalties? |
| 11:28:03 | 13 | **MR. HALSTROM:**  Yes, you have, Your Honor. |
| 11:28:05 | 14 | **MS. SPAVEN:**  Your Honor, before we move on from the |
| 11:28:07 | 15 | penalties, this may be a prudent time to advise the Defendant |
| 11:28:12 | 16 | that, although there is no statutory binding by the District |
| 11:28:14 | 17 | Court for these counts to be imposed consecutively, it is |
| 11:28:18 | 18 | within the discretion of the District Court in imposing |
| 11:28:21 | 19 | sentence whether those counts are imposed concurrently or |
| 11:28:25 | 20 | consecutively. |
| 11:28:26 | 21 | **THE COURT:**  Thank you, Ms. Spaven. |
| 11:28:27 | 22 | Mr. Herrera, let me tell you about supervised release. |
| 11:28:32 | 23 | Supervised release is a term like probation.  You would be |
| 11:28:35 | 24 | required to meet certain obligations while under supervision of |
| 11:28:39 | 25 | a probation officer.  For example, you could not commit any |

11:28:42  1  other criminal offenses, you couldn't use any drugs or use

11:28:46  2  alcohol excessively, and there would be other restrictions on

11:28:49  3  you.

11:28:50  4       As long as you abided by those terms and conditions,

11:28:53  5  everything would be fine.  But if you violated a term or

11:28:55  6  condition of your supervised release, you could be incarcerated

11:28:57  7  for another term.

11:28:57  8       For purposes of your case, parole has been abolished,

11:29:02  9  so you will not be paroled in this case.

11:29:04  10      Do you understand the range of punishments that

11:29:05  11  applies to your case, including the mandatory minimum

11:29:08  12  punishments?

11:29:09  13           **THE DEFENDANT:**  Yes, Your Honor.

11:29:09  14           **THE COURT:**  Now, because the charged offenses are

11:29:11  15  felonies, the United States Sentencing Guidelines apply to your

11:29:14  16  case.  Under the Sentencing Guidelines, a recommended range of

11:29:18  17  punishment will be calculated.

11:29:19  18      Have you spoken with your attorney about the range of

11:29:22  19  punishments that the Guidelines likely will suggest in your

11:29:25  20  case?

11:29:28  21           **MR. HALSTROM:**  Your Honor, this has been a very

11:29:31  22  difficult case to try to even provide any estimation

11:29:34  23  whatsoever.  So we have talked about the applicability of the

11:29:37  24  Guidelines, but nothing specific has actually been determined

11:29:40  25  or discussed with him.

| | | |
|---|---|---|
| 11:29:43 | 1 | **THE COURT:** I'm going to take a short break, and I'm |
| 11:29:55 | 2 | going to give you an opportunity to discuss with the probation |
| 11:29:59 | 3 | officer and the government, just because I think Mr. Herrera |
| 11:30:02 | 4 | should have some idea of what he's facing. In light of the |
| 11:30:07 | 5 | mandatory minimum punishments, I think he has a pretty good |
| 11:30:10 | 6 | idea. But I'd like to make sure that he does understand what |
| 11:30:12 | 7 | the Guidelines likely will suggest. So I'm going to take a |
| 11:30:15 | 8 | short recess and allow you and Mr. Herrera as much time as Mr. |
| 11:30:24 | 9 | Herrera would like. |
| 11:32:50 | 10 | *(Recess taken 11:30 a.m. to 11:42 a.m.)* |
| 11:42:40 | 11 | **THE COURT:** Mr. Herrera, have you had an opportunity |
| 11:42:42 | 12 | now to speak with your attorney about the punishments that the |
| 11:42:45 | 13 | Guidelines likely will suggest in your case? |
| 11:42:47 | 14 | **THE DEFENDANT:** Yes, Your Honor. |
| 11:42:48 | 15 | **THE COURT:** You need to understand the district judge |
| 11:42:50 | 16 | is not bound by the range suggested by the Guidelines. The |
| 11:42:55 | 17 | district judge can sentence you above that range, below that |
| 11:42:58 | 18 | range, or within that range, so long as the district court |
| 11:43:00 | 19 | judge abides by any statutory mandatory minimum or maximum |
| 11:43:05 | 20 | punishments. |
| 11:43:05 | 21 | Do you understand that? |
| 11:43:06 | 22 | **THE DEFENDANT:** Yes, Your Honor. |
| 11:43:07 | 23 | **MS. SPAVEN:** Your Honor, if I might make clear for the |
| 11:43:08 | 24 | record, during the break Mr. Herrera had the benefit of being |
| 11:43:11 | 25 | at the table while myself and Ms. Laird from United States |

11:43:15  1   probation had a discussion with the Guidelines manual open and

11:43:22  2   running through some of the possible numbers.  Mr. Herrera had

11:43:23  3   the benefit of listening to that and listening to the factors

11:43:26  4   that Ms. Laird, Mr. Halstrom, and I discussed about the

11:43:29  5   potential Guidelines ranges.

11:43:30  6          **THE COURT:**  Thank you, Ms. Spaven, I appreciate that.

11:43:32  7          As you probably could tell from that discussion, the

11:43:37  8   Guidelines can be quite complicated sometimes.  I don't know

11:43:43  9   what sentence the district court judge is going to impose on

11:43:47  10  you.  The prosecutor also doesn't know what sentence the

11:43:50  11  district court judge is going to impose on you, and your

11:43:53  12  defense attorney doesn't know what sentence will be imposed.

11:43:56  13         You need to understand that, regardless of whether

11:43:59  14  someone has made a guess or a calculation as to what they think

11:44:02  15  your sentence is going to be, that's simply a guess on their

11:44:05  16  part, and nobody knows what the district court judge -- what

11:44:09  17  sentence he'll impose on you.

11:44:11  18         Do you understand that?

11:44:11  19         **THE DEFENDANT:**  I do, Your Honor.

11:44:13  20         **THE COURT:**  If someone has a made or you think you

11:44:16  21  know what your sentence is going to be and that proves to be

11:44:19  22  incorrect, you will not have the ability to later withdraw your

11:44:21  23  guilty plea.  Do you understand that?

11:44:23  24         **THE DEFENDANT:**  Yes, Your Honor.

11:44:23  25         **THE COURT:**  Now, if you proceeded to trial, the

| | |
|---|---|
| 11:44:25 | 1 |
| 11:44:27 | 2 |
| 11:44:30 | 3 |
| 11:44:34 | 4 |
| 11:44:34 | 5 |
| 11:44:36 | 6 |
| 11:44:40 | 7 |
| 11:44:42 | 8 |
| 11:44:45 | 9 |
| 11:44:51 | 10 |
| 11:44:53 | 11 |
| 11:44:57 | 12 |
| 11:45:02 | 13 |
| 11:45:05 | 14 |
| 11:45:07 | 15 |
| 11:45:09 | 16 |
| 11:45:15 | 17 |
| 11:45:17 | 18 |
| 11:45:21 | 19 |
| 11:45:24 | 20 |
| 11:45:28 | 21 |
| 11:45:31 | 22 |
| 11:45:32 | 23 |
| 11:45:36 | 24 |
| 11:45:39 | 25 |

1  government would have to establish that you committed the

2  charged offenses beyond a reasonable doubt.  To do that, the

3  government would have to establish each element of each

4  offense.

5          I'm going to tell you the elements that the government

6  would have to establish at trial so that you can determine for

7  yourself whether there is sufficient evidence to establish

8  these elements and thus convict you of these crimes.

9          As to Count One, Two, Three, and Four, which charge

10 you with production of child pornography, the government would

11 have to show that you knowingly employed, used, persuaded,

12 enticed, or coerced the respective victim to engage in sexually

13 explicit conduct for the purpose of producing a visual

14 depiction of that conduct.

15         The government would also have to show that the

16 respective victim was a real person who had not attained the

17 age of 18 years, and the government would have to show that the

18 visual depiction was produced using materials that had been

19 mailed, ship, or transported in interstate or foreign commerce.

20         As to Count Five, possession of child pornography

21 involving a prepubescent minor under the age of 12 years, the

22 government would have to show that you knowingly possessed and

23 had access with intent to view items of child pornography.  The

24 government would also have to show that at least one image of

25 child pornography depicted a prepubescent minor who had not

11:45:42    1    attained the age of 12 years.

11:45:43    2            The government would also have to show that the item

11:45:46    3    or items of child pornography were produced using materials

11:45:49    4    that had been transported or shipped in interstate or foreign

11:45:52    5    commerce.

11:45:52    6            And the government would have to show that, when you

11:45:57    7    possessed or had access to the items of child pornography, you

11:46:01    8    believed that the items constituted or contained child

11:46:04    9    pornography.

11:46:04    10            Do you understand the nature of the charges and each

11:46:08    11    of these elements as I've explained them to you?

11:46:10    12            **THE DEFENDANT:**  Yes, Your Honor.

11:46:11    13            **THE COURT:**  Do you understand that these are the

11:46:12    14    things the government is required to prove beyond a reasonable

11:46:14    15    doubt in order to convict you of the offenses charged in the

11:46:17    16    indictment?

11:46:17    17            **THE DEFENDANT:**  Yes, Your Honor.

11:46:18    18            **THE COURT:**  And do you need any further explanation by

11:46:20    19    the Court or your attorney of these elements?

11:46:22    20            **THE DEFENDANT:**  No, Your Honor.

11:46:23    21            **THE COURT:**  If you plead guilty, you will be admitting

11:46:26    22    that you did these things and that the government could prove

11:46:28    23    all of these elements beyond a reasonable doubt.

11:46:30    24            Do you understand that?

11:46:31    25            **THE DEFENDANT:**  I understand, Your Honor.

| | |
|---|---|
| 11:46:32 | 1 |

**THE COURT:** If you plead guilty, you will not later be

| 11:46:35 | 2 |

able to argue that the government did not have sufficient

| 11:46:38 | 3 |

evidence to establish these elements or that you were innocent

| 11:46:41 | 4 |

of these crimes. Do you understand that?

| 11:46:43 | 5 |

**THE DEFENDANT:** I do, Your Honor.

| 11:46:45 | 6 |

**THE COURT:** Now, I have a document in front of me

| 11:46:47 | 7 |

that's labeled Plea Agreement, and this Plea Agreement is 8

| 11:46:53 | 8 |

pages in length including the page with the signatures. It

| 11:46:56 | 9 |

appears to have been signed by you, but the prosecutor, and by

| 11:47:00 | 10 |

your attorney.

| 11:47:01 | 11 |

Mr. Herrera, have you seen this document, Plea

| 11:47:04 | 12 |

Agreement?

| 11:47:04 | 13 |

**THE DEFENDANT:** Yes, Your Honor.

| 11:47:04 | 14 |

**THE COURT:** And does your signature appear on page 8

| 11:47:06 | 15 |

of the Plea Agreement?

| 11:47:08 | 16 |

**THE DEFENDANT:** Correct, Your Honor.

| 11:47:08 | 17 |

**THE COURT:** Before you signed the Plea Agreement, did

| 11:47:10 | 18 |

you read carefully every word of every line of every page of

| 11:47:10 | 19 |

the --

| 11:47:14 | 20 |

**THE DEFENDANT:** We went --

| 11:47:16 | 21 |

**THE COURT:** -- Plea Agreement?

| 11:47:14 | 22 |

**THE DEFENDANT:** -- through it, Your Honor, yes.

| 11:47:16 | 23 |

**THE COURT:** Please, if you could just wait until I

| 11:47:18 | 24 |

finish --

| 11:47:18 | 25 |

**THE DEFENDANT:** I'm sorry.

11:47:18    1    **THE COURT:** -- asking the question before you answer,

11:47:21    2    it will make it easier for the court reporter, among others.

11:47:25    3            Now, before you signed that Plea Agreement, did you

11:47:27    4    discuss the Plea Agreement with your attorney?

11:47:28    5            **THE DEFENDANT:** Yes, Your Honor.

11:47:29    6            **THE COURT:** Do you need any additional time to discuss

11:47:31    7    this Plea Agreement with your attorney?

11:47:32    8            **THE DEFENDANT:** No, Your Honor.

11:47:33    9            **THE COURT:** Do you understand the plea agreement that

11:47:34    10   you have with the government?

11:47:35    11           **THE DEFENDANT:** Correct, Your Honor.

11:47:36    12           **THE COURT:** Is there anything that you don't

11:47:37    13   understand about this Plea Agreement?

11:47:38    14           **THE DEFENDANT:** No, Your Honor.

11:47:39    15           **THE COURT:** Now, did the government make any promises

11:47:42    16   to you other than those contained in the Plea Agreement or the

11:47:47    17   Supplement to the Plea Agreement?

11:47:48    18           **THE DEFENDANT:** No, Your Honor.

11:47:49    19           **THE COURT:** And, Mr. Halstrom, is it accurate to say

11:47:52    20   that the Plea Agreement and the Supplement to the Plea

11:47:54    21   Agreement constitutes the entire agreement the government has

11:47:56    22   with this defendant?

11:47:58    23           **MR. HALSTROM:** Yes, Your Honor.

11:47:59    24           **THE COURT:** And with respect to the supplement to the

11:48:01    25   Plea Agreement, did you carefully read this document?

| | | |
|---|---|---|
| 11:48:05 | 1 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:48:05 | 2 | **THE COURT:**  And did you sign that document? |
| 11:48:07 | 3 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:48:08 | 4 | **THE COURT:**  And did you discuss that document with |
| 11:48:10 | 5 | your attorney before signing it? |
| 11:48:12 | 6 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:48:12 | 7 | **THE COURT:**  Do you understand the contents of this |
| 11:48:14 | 8 | document? |
| 11:48:14 | 9 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:48:15 | 10 | **THE COURT:**  I also have in front of me a document |
| 11:48:19 | 11 | that's labeled Statement of Facts.  Have you carefully read |
| 11:48:23 | 12 | every word of every line of every page of this Statement of |
| 11:48:25 | 13 | Facts? |
| 11:48:26 | 14 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:48:27 | 15 | **THE COURT:**  And have you carefully considered the |
| 11:48:31 | 16 | facts that are stated in this document? |
| 11:48:34 | 17 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:48:34 | 18 | **THE COURT:**  And did you sign this document on page 5 |
| 11:48:38 | 19 | after you carefully read it? |
| 11:48:40 | 20 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:48:41 | 21 | **THE COURT:**  Is this Statement of Facts a fair and |
| 11:48:43 | 22 | accurate summary of what you did? |
| 11:48:49 | 23 | **THE DEFENDANT:**  I think so, Your Honor. |
| 11:48:51 | 24 | **THE COURT:**  And is the Statement of Facts incorrect in |
| 11:48:55 | 25 | any way? |

```
11:48:57   1        THE DEFENDANT:  I'm not sure, Your Honor.

11:49:00   2        MR. HALSTROM:  Your Honor, as frequently happens, the

11:49:03   3   Statement of Facts alleges things that the government has done

11:49:07   4   that he would have no idea whether they're true or correct.

11:49:10   5   The accusations or the facts set forth in the Statement of

11:49:13   6   Facts that apply directly to him he acknowledges.

11:49:16   7        THE COURT:  Okay.  So let me rephrase the question

11:49:18   8   slightly.

11:49:19   9        To the best of your knowledge, Mr. Herrera, is what's

11:49:24  10   stated in the Statement of Facts true and accurate?

11:49:27  11        THE DEFENDANT:  Correct, Your Honor.

11:49:28  12        THE COURT:  And to the best of your knowledge, do you

11:49:31  13   disagree with anything in this Statement of Facts?

11:49:35  14        THE DEFENDANT:  No, Your Honor.

11:49:36  15        THE COURT:  In a moment I'm going to ask the

11:49:40  16   government to tell us what facts the government would have

11:49:42  17   established had this case proceeded to trial.  Please listen

11:49:44  18   carefully because at the end I'm going to ask you whether you

11:49:47  19   agree or disagree with anything that the government stated.

11:49:50  20        Ms. Spaven?

11:49:54  21        MR. HALSTROM:  I'm sorry, Your Honor, may I just have

11:49:56  22   a moment with the client?

11:49:57  23        THE COURT:  Certainly.

11:50:18  24        (Conference between Mr. Halstrom and the Defendant.)

11:50:18  25        MR. HALSTROM:  Thank you, Your Honor.
```

| | | |
|---|---|---|
| 11:50:19 | 1 | **THE COURT:**  Ms. Spaven? |
| 11:50:21 | 2 | **MS. SPAVEN:**  Your Honor, if I might remove my mask for |
| 11:50:23 | 3 | this portion of responding to Your Honor's inquiry? |
| 11:50:26 | 4 | **THE COURT:**  You may.  And any counsel may remove their |
| 11:50:29 | 5 | mask at any time, if you want to. |
| 11:50:29 | 6 | **MS. SPAVEN:**  Thank you, Your Honor. |
| 11:50:29 | 7 | If this matter had proceeded to trial, the government |
| 11:50:31 | 8 | would be prepared to prove beyond a reasonable doubt that, on |
| 11:50:34 | 9 | or about May 1st of 2019, the Bay County Sheriff's Office |
| 11:50:37 | 10 | received a report that a child had been molested. |
| 11:50:40 | 11 | An eight-year-old, who has the initials of K.H., had |
| 11:50:44 | 12 | disclosed to her family that the previous Sunday, which was |
| 11:50:47 | 13 | April 28th, 2019, an adult male neighbor had -- at his request, |
| 11:50:55 | 14 | had her undress to try on a swimsuit and took photos of her |
| 11:51:00 | 15 | exposed genital area which he touched while in his apartment. |
| 11:51:04 | 16 | The man in the apartment were known to the |
| 11:51:08 | 17 | eight-year-old victim as one of her friends who was later |
| 11:51:12 | 18 | identified as a female child with the initials of N.R.H., six |
| 11:51:16 | 19 | years old, also lived in that apartment. |
| 11:51:18 | 20 | The victim identified as K.H. was forensically |
| 11:51:22 | 21 | interviewed and made a consistent statement as she had made to |
| 11:51:26 | 22 | the Bay County Sheriff's Office and her family. |
| 11:51:27 | 23 | She described the assailant in detail and also the |
| 11:51:31 | 24 | cellular phone that he had used to photograph her. |
| 11:51:33 | 25 | Through the investigation, it was determined that the |

| | | |
|---|---|---|
| 11:51:37 | 1 | neighbor was, in fact, the Defendant.  The Bay County Sheriff's |
| 11:51:40 | 2 | Office showed K.H. a photo of the Defendant, and she confirmed |
| 11:51:44 | 3 | that that was the individual involved. |
| 11:51:46 | 4 | The Bay County Sheriff's Office then obtained a state |
| 11:51:50 | 5 | search warrant for the Defendant's apartment.  The Bay County |
| 11:51:53 | 6 | Sheriff's Office initially encountered an adult female the |
| 11:51:58 | 7 | six-year-old child previously referenced and also an |
| 11:52:01 | 8 | 11-year-old child with the initials of A. H. at the apartment. |
| 11:52:05 | 9 | The Defendant arrived shortly thereafter.  A Samsung |
| 11:52:10 | 10 | cellular telephone which was manufactured outside the state of |
| 11:52:12 | 11 | Florida was recovered from the Defendant's person and was |
| 11:52:14 | 12 | seized.  Eleven additional electronic devices were recovered |
| 11:52:17 | 13 | pursuant to the search warrant. |
| 11:52:18 | 14 | In a post-*Miranda* interview, the Defendant admitted |
| 11:52:22 | 15 | having contact with K.H. but denied the allegations.  He was |
| 11:52:26 | 16 | arrested at that time but bonded out of state custody soon |
| 11:52:29 | 17 | after. |
| 11:52:30 | 18 | A few days later, on May 6th, 2019, Bay County |
| 11:52:34 | 19 | Sheriff's Office obtained a search warrant for the contents of |
| 11:52:36 | 20 | the electronic devices.  Through their analysis initially, they |
| 11:52:39 | 21 | did not recover anything of evidentiary value.  However, |
| 11:52:42 | 22 | through further investigation and continuing to review the |
| 11:52:45 | 23 | number of electronic devices seized on May 13th when the |
| 11:52:49 | 24 | sheriff's office began searching the phone recovered from the |
| 11:52:52 | 25 | Defendant's pocket, a video of the Defendant sexually molesting |

11:52:55    1    a child who was not K.H., the initial victim who he had been

11:52:59    2    arrested on charges for, was recovered.

11:53:02    3         Bay County Sheriff's Office immediately stopped what

11:53:05    4    they were doing, which was reviewing the contents, and went to

11:53:09    5    make contact with the Defendant on the new charge and to ensure

11:53:12    6    the safety of the newly discovered child who the Bay County

11:53:16    7    Sheriff's Office believed to be the child N.R. that they had

11:53:20    8    met on the day of the execution of the search warrant.

11:53:22    9         Later, N.R.'s mother identified that the child that

11:53:26    10   was in the video that they had recovered on May 13th identified

11:53:31    11   the child by clothing and items of clothing that the child was

11:53:36    12   wearing in the recovered image.

11:53:38    13        The Defendant was located at a different apartment

11:53:41    14   complex and attempted to flee from investigators from the

11:53:46    15   sheriff's office at that time.  He was apprehend and arrested

11:53:48    16   on state charges for the conduct related to N.R.

11:53:52    17        During a post-*Miranda* interview conducted by the Bay

11:53:55    18   County Sheriff's Office, the Defendant confessed to taking

11:53:57    19   pictures of his molestation of that victim.

11:53:59    20        Further review of the cellular phones' contents

11:54:04    21   revealed videos and images of Herrera, the Defendant, also

11:54:09    22   engaged in sexually explicit conduct of the child victim with

11:54:14    23   the initials A.H.  In a later forensic interview, A.H.

11:54:19    24   disclosed and confirmed the acts which were captured by the Bay

11:54:23    25   County Sheriff's Office.

11:54:23    1    And, Your Honor, on page 3 there is a table that lists
11:54:27    2    in detail the images and videos that were recovered as part of
11:54:31    3    the investigation.  Rather than going into those in detail,
11:54:35    4    I'll rely on the descriptions as listed there.  I will, though,
11:54:40    5    note that the creation dates listed in each table and the
11:54:45    6    victims correspond to the indictment, Counts One, Two, Three,
11:54:49    7    and Four respectively.  Count Five as well involves not only
11:54:53    8    those images that were in the Defendant's possession but also
11:54:56    9    additional images and videos of what has been identified as
11:55:00   10    sexually explicit child sexual abuse material were recovered of
11:55:07   11    individuals that we do not know their identity.
11:55:12   12         **THE COURT:**  Thank you, Ms. Spaven.
11:55:14   13         Mr. Herrera, did you hear the facts as stated by the
11:55:18   14    government?
11:55:19   15         **THE DEFENDANT:**  Excuse me?
11:55:20   16         **THE COURT:**  Did you hear the facts as stated by the
11:55:22   17    government?
11:55:23   18         **THE DEFENDANT:**  Yes, Your Honor.
11:55:23   19         **THE COURT:**  Do you disagree with anything that the
11:55:25   20    government stated?
11:55:28   21         **THE DEFENDANT:**  No, Your Honor.
11:55:29   22         **THE COURT:**  I'm sorry?
11:55:30   23         **THE DEFENDANT:**  No.  No, Your Honor.
11:55:35   24         **THE COURT:**  And to the best of your knowledge, are the
11:55:37   25    facts stated by the government true and correct?

11:55:40    1          **THE DEFENDANT:**  Yes, Your Honor.

11:55:40    2          **THE COURT:**  Did you do what the government stated?

11:55:47    3          **THE DEFENDANT:**  I guess, Your Honor.

11:55:48    4          **THE COURT:**  And why do you say "I guess"?

11:55:51    5          **THE DEFENDANT:**  Because I don't remember.

11:55:53    6          **MR. HALSTROM:**  Your Honor, Mr. Herrera acknowledges

11:55:59    7    the events.  He contends that he has a memory lapse at certain

11:56:05    8    times when there are very stressful situations going on.  He

11:56:09    9    acknowledges the videos.  He acknowledges the facts of the

11:56:13   10    case.  He admits, because of the evidence, the facts.  But he

11:56:20   11    -- he admits all the evidence that the government is going to

11:56:22   12    be able to prove the evidence that it has.  He just has a

11:56:25   13    memory lapse of some of the instances.

11:56:30   14          It's not, in my judgment, a defense to the case, nor

11:56:35   15    does he raise it as a defense to the case that he did not do

11:56:39   16    those things.  He's admitted -- he's reviewed all the

11:56:42   17    documents, he's reviewed the Statement of Facts, he's

11:56:44   18    thoroughly discussed the -- in fact, we've discussed all of the

11:56:48   19    discovery in the case and reviewed it all, and he acknowledges

11:56:51   20    the relationships and the people involved.  The only thing that

11:56:56   21    he has trouble with is some of the things he just doesn't

11:57:00   22    remember doing.

11:57:00   23          **THE COURT:**  So, Mr. Herrera, let me make sure I

11:57:42   24    understand this correctly.  You are agreeing that you molested

11:57:51   25    these victims sexually and that you filmed them using a

11:58:00    1    cellular telephone; is that correct?

11:58:02    2         THE DEFENDANT:  Yes, Your Honor.

11:58:02    3         THE COURT:  So you admit that you did produce the

11:58:04    4    child pornography as alleged by the government?

11:58:07    5         THE DEFENDANT:  Yes, Your Honor.

11:58:08    6         THE COURT:  And you admit that you possessed the child

11:58:12    7    pornography as alleged by the government in the Statement of

11:58:15    8    Facts and as you heard the prosecutor say today?

11:58:19    9         THE DEFENDANT:  Yes, Your Honor.

11:58:19    10        THE COURT:  And so you don't remember every detail of

11:58:24    11   these crimes, but you do remember some parts of these crimes

11:58:29    12   sufficient so that you can determine that what the government

11:58:32    13   is alleging is accurate?

11:58:38    14        THE DEFENDANT:  I don't remember details or parts of

11:58:39    15   it, Your Honor.

11:58:40    16        THE COURT:  Certain parts of it, correct?

11:58:44    17        THE DEFENDANT:  No, Your Honor.

11:58:45    18        THE COURT:  So go ahead and explain that to me.

11:58:49    19        THE DEFENDANT:  Like the attorney says, I know these

11:58:51    20   people, the relationship and everything.  But I was at that

11:58:56    21   moment very high on meth and up for -- like from February to

11:59:03    22   May I have basically no -- don't remember nothing.

11:59:13    23        MR. HALSTROM:  May I ask a question or two, Your

11:59:15    24   Honor?

11:59:15    25        THE COURT:  Please.

| | | |
|---|---|---|
| 11:59:18 | 1 | And remember you're under oath now, Mr. Herrera, so |
| 11:59:20 | 2 | you need to answer the questions truthfully. |
| 11:59:22 | 3 | **THE DEFENDANT:**  Yes, Your Honor. |
| 11:59:23 | 4 | **MR. HALSTROM:**  Now, Mr. Herrera, we have reviewed all |
| 11:59:25 | 5 | of the evidence that the government has presented; is that |
| 11:59:27 | 6 | correct? |
| 11:59:27 | 7 | **THE DEFENDANT:**  Yes, Your Honor -- yes, sir. |
| 11:59:30 | 8 | **MR. HALSTROM:**  We have read over their discovery and |
| 11:59:33 | 9 | the incidents that occurred; and the phone that they recovered |
| 11:59:38 | 10 | had videos of them that you took of minors in sexually explicit |
| 11:59:46 | 11 | actions, that's correct? |
| 11:59:49 | 12 | **THE DEFENDANT:**  Yes. |
| 11:59:49 | 13 | **THE COURT:**  And it was your phone and you did take |
| 11:59:52 | 14 | those pictures? |
| 11:59:54 | 15 | **THE DEFENDANT:**  Yes. |
| 11:59:55 | 16 | **MR. HALSTROM:**  Correct? |
| 11:59:57 | 17 | **THE DEFENDANT:**  Yes. |
| 11:59:58 | 18 | **MR. HALSTROM:**  And you had in your possession the |
| 12:00:00 | 19 | phone and you had child pornography on that phone; is that |
| 12:00:03 | 20 | correct? |
| 12:00:04 | 21 | **THE DEFENDANT:**  Yes. |
| 12:00:05 | 22 | **MR. HALSTROM:**  And you knew that it was your phone |
| 12:00:08 | 23 | that took the pictures and that you took the pictures, no one |
| 12:00:12 | 24 | else took those pictures, you took the pictures of those |
| 12:00:16 | 25 | minors? |

12:00:17    1        **THE DEFENDANT:**  Yes.

12:00:17    2        **MR. HALSTROM:**  And you in fact reviewed on those

12:00:20    3   photos -- pictures of you were on those photos taken at the

12:00:25    4   time that those photos were taken?

12:00:30    5        **THE DEFENDANT:**  I didn't see them, though, but yes.

12:00:32    6        **MR. HALSTROM:**  Yes, okay.  But you are also on those

12:00:36    7   videos in your person?

12:00:39    8        **THE DEFENDANT:**  Yes.

12:00:40    9        **MR. HALSTROM:**  I think that's sufficient for a guilty

12:00:42   10   plea, Your Honor.

12:00:43   11        **THE COURT:**  I think it probably is.

12:00:45   12        I will ask the government, though, if they want to

12:00:47   13   continue with this guilty plea or if they would rather just go

12:00:50   14   to trial with Mr. Herrera.  I believe there is a factual basis

12:00:53   15   for the guilty plea, however.  But I would deferred to the

12:00:55   16   government if they elected to try Mr. Herrera instead.

12:00:59   17        **MS. SPAVEN:**  Your Honor, I think that, based on the

12:01:03   18   psychological evaluation that we have received back related to

12:01:06   19   the Defendant's competency evaluation, it is not surprising to

12:01:10   20   the government that the Defendant is trying to perhaps, to a

12:01:13   21   degree, minimize his conduct here today.

12:01:16   22        I do believe that his acknowledgment, both in writing

12:01:20   23   having signed the Statement of Facts after thoroughly reviewing

12:01:23   24   them with Mr. Halstrom, based on Your Honor's inquiry today,

12:01:27   25   based on Mr. Halstrom's inquiry with the Defendant -- I do also

| | |
|---|---|
| 12:01:30 | 1 |
| 12:01:33 | 2 |
| 12:01:36 | 3 |
| 12:01:40 | 4 |
| 12:01:43 | 5 |
| 12:01:46 | 6 |
| 12:01:50 | 7 |
| 12:01:55 | 8 |
| 12:01:58 | 9 |
| 12:02:02 | 10 |
| 12:02:03 | 11 |
| 12:02:07 | 12 |
| 12:02:09 | 13 |
| 12:02:10 | 14 |
| 12:02:12 | 15 |
| 12:02:16 | 16 |
| 12:02:16 | 17 |
| 12:02:18 | 18 |
| 12:02:20 | 19 |
| 12:02:22 | 20 |
| 12:02:22 | 21 |
| 12:02:23 | 22 |
| 12:02:24 | 23 |
| 12:02:26 | 24 |
| 12:02:30 | 25 |

agree with the Court that there is a factual basis here.  The evidence against the Defendant is overwhelming.

Myself personally, I have reviewed the videos.  In each one the Defendant is clearly seen engaging in the conduct with the victims.  In part, the children are easily identified.  The evidence against the Defendant is overwhelming, beyond many that I have seen in my many year career as a prosecutor.  So I am confident that a factual basis has been established in a case certainly in which where the evidence is overwhelming.

**THE COURT:**  Okay.  Thank you, Ms. Spaven.

And, Mr. Halstrom, I believe you stated that you received discovery from the government?

**MR. HALSTROM:**  Yes, Your Honor.

**THE COURT:**  And are there any outstanding discovery requests?  Do you think the government still owes you any discovery?

**MR. HALSTROM:**  Not that I'm aware of, Your Honor.

**THE COURT:**  And the facts as stated by the government today, are they consistent with the discovery that you reviewed?

**MR. HALSTROM:**  Yes, Your Honor.

**THE COURT:**  And do you agree that the Statement of Facts is sufficient to support the guilty plea in addition to the admissions that the Defendant made today in open court?

**MR. HALSTROM:**  Yes, sir.

| | | |
|---|---|---|
| 12:02:33 | 1 | **THE COURT:**  Thank you, Mr. Halstrom. |
| 12:02:34 | 2 | I also have in front of me here a document that's |
| 12:02:36 | 3 | labeled Consent to a Rule 11 Guilty Plea Before a United States |
| 12:02:42 | 4 | Magistrate Judge.  That document is two pages in length. |
| 12:02:44 | 5 | Did you sign this document on page 2, Mr. Herrera? |
| 12:02:48 | 6 | **THE DEFENDANT:**  Yes, Your Honor. |
| 12:02:48 | 7 | **THE COURT:**  And do you understand that you have the |
| 12:02:49 | 8 | right to enter your guilty plea before a United States District |
| 12:02:53 | 9 | Court judge? |
| 12:02:54 | 10 | **THE DEFENDANT:**  Yes, Your Honor. |
| 12:02:54 | 11 | **THE COURT:**  After consulting with your attorney, have |
| 12:02:55 | 12 | you elected to give up that right and enter your guilty plea |
| 12:02:59 | 13 | before a magistrate judge, namely me? |
| 12:03:01 | 14 | **THE DEFENDANT:**  Yes, Your Honor. |
| 12:03:01 | 15 | **THE COURT:**  And in paragraph four, this document |
| 12:03:05 | 16 | states that normally you would have 14 days to object to any |
| 12:03:08 | 17 | recommendation that I make to the district court judge |
| 12:03:10 | 18 | regarding your guilty pleas.  You've agreed in that paragraph, |
| 12:03:14 | 19 | however, to give yourself only 24 hours to file any objections. |
| 12:03:18 | 20 | Do you understand that? |
| 12:03:19 | 21 | **THE DEFENDANT:**  Yes, Your Honor. |
| 12:03:20 | 22 | **THE COURT:**  Mr. Herrera, have you discussed with your |
| 12:03:24 | 23 | attorney the facts of this case, the elements of the offenses, |
| 12:03:27 | 24 | the charges pending against you, and any possible defenses that |
| 12:03:30 | 25 | you may have? |

12:03:31   1          **THE DEFENDANT:**  Yes, Your Honor.

12:03:31   2          **THE COURT:**  Have you reviewed the discovery in this

12:03:34   3   case with your attorney, at least some of it?

12:03:37   4          **THE DEFENDANT:**  Yes, Your Honor.

12:03:37   5          **THE COURT:**  Have you told your attorney everything

12:03:39   6   about the case so that your attorney could effectively

12:03:43   7   represent you?

12:03:44   8          **THE DEFENDANT:**  Yes, Your Honor.

12:03:44   9          **THE COURT:**  Are you satisfied that your attorney has

12:03:46   10   fully considered the facts, the charges, the elements, and any

12:03:49   11   possible defenses that you may have?

12:03:51   12          **THE DEFENDANT:**  Yes, Your Honor.

12:03:51   13          **THE COURT:**  Are you fully satisfied with your

12:03:53   14   attorney's representation and the advice that he's given you?

12:03:56   15          **THE DEFENDANT:**  Yes, Your Honor.

12:03:56   16          **THE COURT:**  And do you need any more time to discuss

12:03:59   17   this guilty plea with your attorney?

12:04:01   18          **THE DEFENDANT:**  No, Your Honor.

12:04:01   19          **THE COURT:**  Mr. Herrera, has anyone threatened you,

12:04:05   20   pressured you, or intimidated you in an effort to get you to

12:04:10   21   plead guilty?

12:04:10   22          **THE DEFENDANT:**  No, Your Honor.

12:04:11   23          **THE COURT:**  Has anyone coerced you into pleading

12:04:14   24   guilty?

12:04:14   25          **THE DEFENDANT:**  No, Your Honor.

12:04:15  1        **THE COURT:**  Other than the promises the government may
12:04:17  2   have made in the Supplement to the Plea Agreement and the Plea
12:04:19  3   Agreement itself, has the government made any promises to you
12:04:23  4   orally?
12:04:24  5        **THE DEFENDANT:**  No, Your Honor.
12:04:24  6        **THE COURT:**  Are you pleading guilty today of your own
12:04:27  7   free will?
12:04:28  8        **THE DEFENDANT:**  Yes, Your Honor.
12:04:28  9        **THE COURT:**  And are you pleading guilty today because
12:04:30  10  you are in fact guilty of the offenses charged in Count One,
12:04:34  11  Count Two, Count Three, Count Four, and Count Five of the
12:04:38  12  Indictment?
12:04:39  13       **THE DEFENDANT:**  Yes, Your Honor.
12:04:39  14       **THE COURT:**  The Court makes the following findings:
12:04:41  15       I find that the Defendant is intelligent and alert.  I
12:04:43  16  find that the Defendant understands the nature of the charges
12:04:46  17  and the consequences of pleading guilty.
12:04:47  18       I find that there's a factual basis for the guilty
12:04:49  19  plea; the facts as stated by the government today in open court
12:04:53  20  are sufficient to support the guilty plea.  I further find that
12:04:56  21  the Defendant's admissions under oath are sufficient to support
12:04:59  22  the guilty plea, and I find that the written Statement of Facts
12:05:01  23  signed by the Defendant is also sufficient to support the
12:05:03  24  guilty plea.
12:05:03  25       I find that the Defendant is aware of the United

```
12:05:07    1   States Sentencing Guidelines and the effect that they will have
12:05:09    2   on his case.  I find that the Defendant is aware of the
12:05:11    3   penalties and possible sentence, maximum punishment that he
12:05:16    4   faces and the mandatory minimum punishments that must be
12:05:18    5   imposed by the Court.
12:05:19    6           The Defendant is aware that he has a right to plead
12:05:22    7   guilty before a district court judge, but he has elected to
12:05:25    8   enter his guilty plea before a magistrate judge.
12:05:27    9           Finally, I find the Defendant is pleading guilty
12:05:30   10   freely, voluntarily, and knowingly, and with the advice of an
12:05:34   11   attorney with whom the Defendant is fully satisfied.
12:05:36   12           Mr. Herrera, could you please stand.
12:05:37   13           [Defendant complies.]
12:05:37   14           Sir, how do you plead as to Count One of the
12:05:42   15   Indictment which charges you with knowingly using a minor to
12:05:44   16   engage in sexually explicit conduct for purposes of producing a
12:05:48   17   visual depiction of such conduct also known as production of
12:05:54   18   child pornography?
12:05:55   19           THE DEFENDANT:  Guilty.
12:05:55   20           THE COURT:  And how do you plead as to Count Two of
12:05:56   21   the Indictment which charges you with production of child
12:05:58   22   pornography?
12:05:58   23           THE DEFENDANT:  Guilty, Your Honor.
12:05:59   24           THE COURT:  And how do you plead as to Count Three of
12:06:01   25   the Indictment which charges you with production of child
```

```
12:06:03    1    pornography?
12:06:04    2              THE DEFENDANT:  Guilty, Your Honor.
12:06:05    3              THE COURT:  And how do you plead as to Count Four of
12:06:08    4    the Indictment which charges you with production of child
12:06:10    5    pornography?
12:06:10    6              THE DEFENDANT:  Guilty, Your Honor.
12:06:11    7              THE COURT:  And how do you plead as to Count Five of
12:06:15    8    the Indictment which charges you with possession of child
12:06:17    9    pornography that involved a prepubescent minor and a minor who
12:06:19   10    had not attained the age of 12 years?
12:06:22   11              THE DEFENDANT:  Guilty.
12:06:22   12              THE COURT:  You may be seated.
12:06:24   13              I will recommend to the district court judge that he
12:06:27   14    accept your guilty plea.  I will issue a written Report and
12:06:31   15    Recommendation.  If either party wants to object to the Report
12:06:33   16    and Recommendation, that party will have 24 hours to do so.
12:06:36   17              Sentencing will be on November 17th, 2020, at 1:00
12:06:39   18    p.m. before United States District Court Judge Kent Wetherell.
12:06:44   19    I'll order the preparation of a written Presentence
12:06:47   20    Investigation Report to assist the Court in sentencing.
12:06:49   21              Mr. Herrera, you'll be asked to give information to
12:06:53   22    the probation officer for that Presentence Investigation
12:06:54   23    Report.  Your attorney may be present with you when you meet
12:06:57   24    with your probation officer.  I'd just advise you it's
12:07:01   25    important to be honest with the probation officer as the
```

12:07:03    1    information you provide will be used to determine an

12:07:06    2    appropriate sentence in this case.

12:07:08    3              Do you understand that?

12:07:09    4         **THE DEFENDANT:**  I do, Your Honor.

12:07:10    5         **THE COURT:**  Does the government have any objections

12:07:12    6    regarding entry of the guilty plea, the findings made by the

12:07:16    7    Court today, or the plea hearing?

12:07:17    8         **MS. SPAVEN:**  No, Your Honor.

12:07:18    9         **THE COURT:**  Mr. Halstrom, do you have any objections

12:07:21   10    regarding entry of the guilty plea, the findings made by the

12:07:24   11    Court today, or this plea hearing?

12:07:25   12         **MR. HALSTROM:**  No, Your Honor.

12:07:27   13         **THE COURT:**  And Mr. Herrera, do you have any

12:07:29   14    objections regarding entry of your guilty plea, the findings

12:07:32   15    made by the Court today, or this plea hearing?

12:07:35   16         **THE DEFENDANT:**  No, Your Honor.

12:07:35   17         **THE COURT:**  Mr. Herrera, you're again remanded to the

12:07:38   18    custody of the Marshals Service.  Good luck to you.

12:07:44   19              The parties are excused.  The Court will be in recess.

           20              *(Proceedings concluded at 12:07 p.m.)*

           21              --------------------

           22    *I certify that the foregoing is a correct transcript from the*
                 *record of proceedings in the above-entitled matter.  Any*
           23    *redaction of personal data identifiers pursuant to the Judicial*
                 *Conference Policy on Privacy are noted within the transcript.*
           24
                 *s/Donna L. Boland*                              *4-12-2021*
           25    *Donna L. Boland, RPR, FCRR*                     *Date*
                 *Official Court Reporter*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished electronically in Acrobat format by Internet upload to this Court and to Assistant United States Attorney Robert G. Davies, 21 East Garden Street, Suite 400, Pensacola, FL 32502 and by U.S. Mail to Joaquin Herrera c/o Bay County Jail, 5700 Star Lane, Panama City, FL 32404, all on this 7th day of June, 2021.

*s/Richard M. Summa*
**RICHARD M. SUMMA**
Assistant Federal Public Defender